```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
                                                                   :
TECHNOLOGY INSURANCE COMPANY, INC.,                                :
                                                                   :
                            Plaintiff,                             :
                                                                   :        21-cv-7387 (LJL)
             -v-                                                   :
                                                                   :              ORDER
PHILADELPHIA INDEMNITY INSURANCE                                   :
COMPANY,                                                           :
                                                                   :
                            Defendant.                             :
                                                                   :
-------------------------------------------------------------------X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 02/03/2022

LEWIS J. LIMAN, United States District Judge:

Plaintiff Technology Insurance Company, Inc.'s motion to compel the production of "all information" in the claim file of Defendant Philadelphia Indemnity Insurance Company "including claims notes, relating to its decision-making process in connection with its August 23, 2019 disclaimer letter," Dkt. No. 16, is denied without prejudice.

Plaintiff relies entirely on the New York Appellate Division's decision in *Bombard v. Amica Mut. Ins. Co.*, 11 A.D.3d 647 (2d Dep't 2004), for its blanket assertion that Defendant cannot assert the attorney-client privilege or the attorney work-product doctrine. However, as both Judge Furman and Judge Lynch have observed, "it is federal law, not state law, that 'governs the applicability of the work product doctrine in all actions in federal court.'" *Tower 570 Co. LP v. Affiliated FM Ins. Co.*, 2021 WL 1222438, at *4 (S.D.N.Y. Apr. 1, 2021) (quoting *Weber v. Paduano*, 2003 WL 161340, at *3 (S.D.N.Y. Jan. 22, 2003) (Lynch, J.)).

Moreover, on its face, *Bombard* appears to apply to "reports which aid [the insurer] in the process of deciding which of two indicated actions to pursue in the regular course of its business" or, in other words, "[r]eports prepared by insurance investigators, adjusters, or attorneys before the decision is made to pay or reject a claim." 11 A.D.3d at 648. Plaintiff has not shown that each of the requested documents falls within that category. Defendant represents that it has served a privilege log that "specifies the materials" over which it claims privilege. Dkt. No. 18.

Plaintiff's motion is denied without prejudice to it being renewed on an application identifying the particular documents over which it claims privilege is improperly asserted, citing both federal law (for the attorney work-product doctrine) and state law (for the attorney-client privilege).

The Clerk of Court is respectfully directed to close Dkt. No. 16.

SO ORDERED.

Dated: February 3, 2022
      New York, New York

                                            LEWIS J. LIMAN
                                    United States District Judge