```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
                                                                 :
TECHNOLOGY INSURANCE COMPANY, INC.,                              :
                                                                 :
                              Plaintiff,                         :
                                                                 :        21-cv-7387 (LJL)
           -v-                                                   :
                                                                 :        MEMORANDUM AND
PHILADELPHIA INDEMNITY INSURANCE                                 :             ORDER
COMPANY,                                                         :
                                                                 :
                              Defendant.                         :
                                                                 :
-----------------------------------------------------------------X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 03/03/2022

LEWIS J. LIMAN, United States District Judge:

Defendant Philadelphia Indemnity Insurance Company ("Defendant" or "PIIC") moves for production of certain documents being withheld from production by plaintiff Technology Insurance Company, Inc. ("Plaintiff" or "TIC") on grounds of attorney-client privilege and attorney work product.

TIC is the reinsurer of and successor to Tower Insurance Company of New York ("Tower"), which issued commercial general liability coverage to Hinde Development, LLC ("Hinde") effective May 6, 2014 to May 6, 2015 (the "Tower Policy"). Dkt. No. 1-3 ¶¶ 3, 17. The Tower Policy includes a "Cut-Through Endorsement" stating in relevant part that, in the event Tower was declared insolvent and was unable to pay losses under the Tower Policy, TIC would be liable to Hinde as the insured for any covered losses and would make payment directly to Hinde. *Id.* ¶ 18. TIC has been defending Hinde in connection with a lawsuit filed against it in New York State Supreme Court (the "Underlying Action") in connection with injuries sustained by the state court plaintiff due to an allegedly defective condition on the public sidewalk abutting premises owned by Hinde and leased to the Puerto Rican Family Institute, Inc. ("PRFI"). *Id.*

¶¶ 3–7.  PIIC issued commercial general liability coverage to PRFI for the policy period July 6, 2014 to July 6, 2015, which covers Hinde as an additional insured with respect to liability arising out of the ownership, maintenance, or use of the premises leased by PRFI (the "PIIC Policy").  *Id.* ¶¶ 9–10.

In this action, which was removed from state court, TIC seeks a declaratory judgment that the PIIC has a duty to defend and to indemnify Hinde in the Underlying Action as an additional insured under the PIIC policy.  *Id.* ¶¶ 8–15.  TIC also alleges that Tower has been declared insolvent by a court of competent jurisdiction and that TIC has "effectively" become its successor as respects the Tower Policy and that it is therefore entitled to recover from PIIC all amounts it has incurred and will incur defending, and if necessary, indemnifying Hinde in the Underlying Action.  *Id.* ¶¶ 16–21.  PIIC has defended on the grounds, among others, that it received late notice of the claim and is entitled to a statutory presumption of prejudice pursuant to Insurance Law 3420(2)(A), that TIC lacks standing, and that TIC has not shown that it paid anything to Hinde or was required to pay anything in connection with the Underlying Action and thus is not entitled to recover anything from PIIC.  Dkt. No. 5 ¶¶ 24, 27–28, 33, 39, 45–46; Dkt. No. 21.[1]

After TIC initially tendered to PIIC on Hinde's behalf, PIIC denied coverage in a letter dated October 4, 2018 on grounds that it received prejudicial late notice in that a default judgment had been entered against Hinde in the Underlying Action on one the grounds that there was no trigger of additional insured coverage based on the sidewalk obligations under the lease.

---

[1] PIIC also asserts an affirmative defense that the building where the accident occurred that is the subject of the Underlying Action was not part of the premises leased by PRFI and thus the PIIC Policy does not provide coverage.  Dkt. No. 5 ¶ 44.

On August 23, 2019, after the default judgment against Hinde had been vacated, PIIC denied coverage on the second ground alone. Dkt. No. 20.

PIIC complained that TIC was improperly withholding relevant documents on grounds of privilege by letter of February 11, 2022. Dkt. No. 21. The Court heard oral argument on February 16, 2022 on this motion as well as on other discovery motions made by each side and directed the parties to submit additional letter briefs. On February 18, 2022, the Court received letter briefs from Defendant and from Plaintiff. Dkt. Nos. 31–32. By order of February 24, 2022, the Court directed Plaintiff to produce the documents as to which it claims privilege to the Court ex parte for its in camera review and indicate those portions of the documents it seeks to keep redacted under assertion of privilege. Dkt. No. 33. Plaintiff complied with that order and produced the requested material on February 28, 2022. Dkt. No. 34.

"[T]he burden is on a party claiming the protection of a privilege to establish those facts that are the essential elements of the privileged relationship." *von Bulow by Auersperg v. von Bulow*, 811 F.2d 136, 144 (2d Cir. 1987) (quoting *In re Grand Jury Subpoena Dtd. January 4, 1984*, 750 F.2d 223, 224 (2d Cir. 1984)). "The attorney-client privilege shields from disclosure any confidential communications between an attorney and his or her client made for the purpose of obtaining or facilitating legal advice in the course of a professional relationship." *Ambac Assur. Corp. v. Countrywide Home Loans, Inc.*, 57 N.E.3d 30, 34 (N.Y. 2016). "The party asserting the privilege bears the burden of establishing its entitlement to protection by showing that the communication at issue was between an attorney and a client 'for the purpose of facilitating the rendition of legal advice or services, in the course of a professional relationship,' that the communication was predominantly of a legal character, that the communication was

3

confidential and that the privilege was not waived." *Id.* at 34–35 (quoting *Rossi v. Blue Cross & Blue Shield of Greater N.Y.*, 540 N.E.2d 703, 706 (N.Y. 1989)).

Rule 26(b)(3)(A) of the Federal Rules of Civil Procedure provides: "Ordinarily, a party may not discover documents and tangible things that are prepared in anticipation of litigation or for trial by or for another party or its representative," save that "those material may be discovered if: (i) they are otherwise discoverable under Rule 26(b)(1); and (ii) the party shows that it has substantial need for the materials to prepare its case and cannot, without undue hardship, obtain their substantial equivalent by other means." Fed. R. Civ. P. 26(b)(3)(A). "While state law generally provides the rules of decision for questions of privilege in diversity actions, 'federal law governs the applicability of the work product doctrine in all actions in federal court.'" *Weber v. Paduano*, 2003 WL 161340, at *3 (S.D.N.Y. Jan. 22, 2003) (quoting *Mount Vernon Fire Ins. Co. v. Try 3 Bldg Servs.*, 1998 WL 729735, at *4 (S.D.N.Y. Oct. 16, 1998)). "In order to be protected as work product, the materials must be (1) documents or tangible things, (2) that were prepared in anticipation of litigation, and (3) were prepared by or for a party, or by or for his representative. *Id.* Documents prepared in anticipation of litigation are those that, 'in light of the nature of the document and the factual situation in the particular case . . . can fairly be said to have been prepared or obtained *because of* the prospect of litigation.'" *Id.* (quoting *U.S. v. Adlman*, 134 F.3d 1194, 1202 (2d Cir. 1998) (emphasis in original)).

In *Tudor Insurance Company v. McKenna Associates*, Magistrate Judge Francis stated the applicable principles with respect to privilege contentions as to claims files:

> In determining whether claims files qualify for work product protection, it is necessary to distinguish between "documents prepared in the ordinary course of the insurer's business (which by its nature, involves claim investigation and analysis) and documents prepared 'in anticipation of litigation.'" *Bovis Lend Lease*, 2002

4

    WL 31729693, at *4 (citation omitted).  An insurer's decision to decline coverage is typically the point at which the ordinary course of business ends and the anticipation of litigation begins.  *See id.* at *4; *Amoco Oil Co. v. Hartford Accident & Indemnity Co.*, No. 93 Civ. 7295, 1995 WL 555696, at *1 (S.D.N.Y. Sept. 18, 1995); *Landmark Insurance Co. v. Beau Rivage Restaurant, Inc.*, 121 A.D.2d 98, 101, 509 N.Y.S.2d 819, 822 (2d Dep't 1986).  In some cases, however, the retention of counsel by the insurer prior to formal declination signals the anticipation of litigation.  *See Bovis Lend Lease,* 2002 WL 3729693, at *4; *American National Fire Insurance Co. v. Mirasco, Inc.,* Nos. 99 Civ. 12405, 00 Civ. 5098, 2001 WL 876816, at *2 (S.D.N.Y. Aug. 2, 2001).

2003 WL 21488058, at *3 (S.D.N.Y. June 25, 2003).  In *Tudor Insurance* itself, Magistrate Judge Francis concluded that "neither the date that Tudor retained [counsel] to consider litigation nor the precise date of declination is critical."  *Id.* at *3.

    The Court has reviewed the withheld materials.  With one exception, they are all protected by the attorney-client privilege or the attorney work product doctrine.  The first set of materials dates from 2018 and contains mental impressions, opinions, and conclusions prepared in anticipation of litigation in the Underlying Action.  It relates solely to Hinde's liability in the Underlying Action and potential defense strategies of issues.  In addition, PIIC has not made a showing of substantial need and undue hardship.  *See Pine Top Ins. Co. v. Alexander & Alexander Servs., Inc.*, 1991 WL 221061, at *2 (S.D.N.Y. Oct. 7, 1991) ("The work-product immunity can be overcome by a showing of substantial need and undue hardship by the party seeking discovery.").  The information contained in it is second-hand information regarding the cellar doors, which is not relevant to the dispute in this case (but is relevant to the defense in the Underlying Action) and would be available through other means.  The remainder of the documents are from 2021 and either constitutes attorney-client communications (or communications that relay internally the content of attorney-client communications) including with respect to the claims in this case or attorney work product including with respect to litigation against PIIC or with respect to the Underlying Action.

The one exception pertains to the amount of the case reserve. To the extent that that exception is relevant to this case, PIIC can make a separate letter motion to compel explaining why it would be discoverable under Rule 26(b)(1), and TIC will then have an opportunity to respond.

SO ORDERED.

Dated: March 3, 2022
      New York, New York

                                                      LEWIS J. LIMAN
                                          United States District Judge