UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
TECHNOLOGY INSURANCE COMPANY, INC.,
as reinsurer and successor to Tower Insurance
Company of New York,

              Plaintiff,

    - against -

PHILADELPHIA INDEMNITY INSURANCE
COMPANY,

              Defendant.
------------------------------------------------------------X

Civil Action No.: 1:21-cv-07387

**DEFENDANT'S MEMORANDUM OF LAW IN OPPOSITION TO
PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

MARSHALL CONWAY BRADLEY
  GOLLUB & WEISSMAN, P.C.
Christopher T. Bradley
Samuel F. Paniccia
45 Broadway, Suite 740
New York, New York 10006
*Attorneys for Defendant Philadelphia Indemnity
Insurance Company*
Phone: (212) 619-4444
cbradley@mcwpc.com
spaniccia@mcwpc.com

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES ............................................................................................ ii

PRELIMINARY STATEMENT .................................................................................... 1

STATEMENT OF UNDISPUTED FACTS ................................................................... 2

LEGAL STANDARD .................................................................................................... 3

ARGUMENT ................................................................................................................. 3

    I.    NEW YORK'S "NO PREJUDICE" RULE IS CONTROLLING ................... 3

          A.  New York Insurance Law §3420 Is Not Applicable ................................. 3

          B.  PIIC Did Not Waive Its Late Notice Defense ............................................ 4

          C.  Lifting the Default Judgment Did Not Remedy the Material Prejudice ...... 5

          D.  Hinde's Failure To Report Was Not Remedied By Others ...................... 12

    II.    TIC'S ABUTTING SIDEWALK CASES ARE INAPPLICABLE ............... 16

          A.  Vault Doors Are Not Part of the Leased Premises .................................... 16

    III.  THE BUSINESS INTENT BETWEEN HINDE AND PRFI IS RELEVANT TO THE COVERAGE ANALYSIS ......................................... 19

    IV.  TIC MADE NO PAYMENT ....................................................................... 20

CONCLUSION ............................................................................................................ 20

i

# TABLE OF AUTHORITIES

**Cases**

*1700 Broadway Co. v. Greater New York Mut. Ins. Co., 863 N.Y.S.2d 434 (1st Dep't 2008)*.......15

*Albert J. Schiff Associates, Inc. v. Flack, 51 N.Y.2d 692, 698, 435 N.Y.S.2d 972, 975 (1980)*.......4

*Ambrosio v. Newburgh Enlarged City School Dist. v. Hanover Ins. Co.,*
    *5 A.D.3d 410 (2d Dep't 2004)*....................................................................................................16

*Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986)*.......3

*Argo Corp. v. Greater N.Y. Mut. Ins. Co., 4 N.Y.3d 332 (2005)*....................................................14

*Atl. Cas. Ins. Co. v. Value Waterproofing, Inc., 918 F.Supp.2d 243 (S.D.N.Y. 2013)*............6, 7, 9

*City of New York v. Continental Casualty, 27 A.D.3d 28 (1st Dep't 2005)*....................................14

*Daimler Chrysler Ins. Co. v. Keller and RLI Ins. Co., 164 A.D.2d 1209 (2d Dep't 2018)*...........13

*Emigrant Bank v. Commonwealth Land Title Ins. Co., 15-cv-7593, 2017 WL 4286335, \*13*
    *(S.D.N.Y. Sept. 26, 2017)*............................................................................................................8

*Estee Lauder Inc. v. OneBeacon Ins. Grp, LLC., 28 N.Y.3d 960 (2016)*.......................................5

*Gilbert Frank Corp. v. Federal Ins. Co., 70 N.Y.2d 966, 525 N.Y.S.2d 793(1988)*.......................4

*Great Canal Realty Corp. v. Seneca Ins. Co., Inc., 5 N.Y.3d 742 (2005)*....................................12

*Harleysville Worcester v. Wesco Ins Co., 752 F.App'x 90 (2d Cir. 2019)*....................................6

*Hoodho v. Holder. 558 F.3d 184 (2d Cir. 2009)*............................................................................5

*Indian Harbor Ins. Co. v. The City of San Diego, 586 F.App'x 726 (2d Cir. 2014)*......................4

*Majewski v. Broadalbin-Perth Cent. School Dist., 91 N.Y.2d 577 (1998)*....................................3

*Metro. Trans. Auth. v. Tutor Perini Corp., 564 F.App'x. 618 (2d Cir. 2014)*..............................12

*N.Y. Marine and Gen. Ins. Co. v. Travelers. Prop. Cas. Co. of Amer., 485 F.Supp.3d 398*
    *(S.D.N.Y 2020)*..........................................................................................................................13

*Newmont Mines Ltd. v. Hanover Ins. Co., 784 F.2d 127 (2d Cir. 1986)*......................................19

*Pavarini McGovern, LLC., et al. v. Geiger Const. Co., Inc., et al.,*
    *58 Misc.3d 1203(A) (2017).*.......................................................................................................10

*Pearson Capital Partners, LLC v. James River Ins. Co., 151 F.Supp.3d 392 (S.D.N.Y. 2015)* ...... 3

*Roe v. City of Waterbury, 542 F.3d 31 (2d Cir. 2008)* .................................................................... 3

*Rosier v. Stoeckeler Sr., 101 A.D.3d 1310 (3d Dep't 2012)* ........................................................... 10

*Slocum v. Progressive Nw, Ins. Co., 137 A.D.3d 1634 (4th Dep't. 2016)* ...................................... 6

*State Nat. Ins. Co. v. Mt. Hawley Ins. Co., 19-cv-06625, 2021 WL 1193208 (E.D.N.Y. 2021)* ...... 3

*Technology Ins. Co. v. First Mercury Ins. Co., 194 A.D.3d 530 (1st Dep't 2021)* ........................ 20

*The Argo Corp. v. Greater N.Y. Mut. Ins. Co., 4 N.Y.3d 332 (2005)* ............................................ 4

*Time Warner Cable of New York City v. Hylan Datacom & Elec., Inc.,
    No 0107798/2005, 2007 WL 2176562 (N.Y. Sup. Ct. April 13, 2007)* ...................................... 15

*Tower Ins. Co. of N.Y. v. Amsterdam Apts., LLC, 82 A.D.3d 465 (1st Dep't 2011)* .................... 12

*Tower Ins. Co. of New York v. Classon Heights, LLC, 82 A.D.3d 632 (2011)* ............................ 13

*Town Plaza of Poughquag and Tower Ins. Co of N.Y. v. Hartford Insurance,
    175 F.Supp.3d 93, 102 (S.D.N.Y. 2016)* ................................................................................. 18, 19

*Travelers Ins. Co. v. Volmar Const. Co., 300 A.D.2d 40 (1st Dep't 2002)* ................................. 13

*U.S. Underwriters v. ITG Dev. Grp., LLC, 294 F.Supp.3d 18 (E.D.N.Y. 2018)* .......................... 12

*Underwriters Ins. Co. v. ITG Dev. Grp., LLC, 294 F.Supp.3d 18 (E.D.N.Y. 2018)* ...................... 6

*United Nat. Ins. Co. v. 515 Ocean Ave., LLC, 477 F.App'x. 840 (2d Cir. 2012)* ......................... 12

*Weeks Marine, Inc. v. Amer. Steamship, 08-cv-9878, 2011 WL3796331 (S.D.N.Y. 2011)* ............. 4

*Weingarten v. Board of Trustees of N.Y. City Teachers Ret. Sys., 98 N.Y.2d. 575 (2002)* ............. 3

## Statutes

N.Y. Ins. Law §3420 et. seq. ......................................................................................... 1,3,4

N.Y. Ins. Law§3420(a)(5). ............................................................................................ 1, 3, 5,11

N.Y. Ins, Law §3420(c)(2)(A). ....................................................................................... 1, 5, 6,11

34 R.C.N.Y. 2-07(b)(1). ................................................................................................. 16,18

Fed. R. Civ. P 56(a) ...................................................................................................... 3

## PRELIMINARY STATEMENT

Defendant Philadelphia Indemnity Insurance Company ("PIIC") respectfully submits this memorandum of law in opposition to Technology Insurance Company, Inc.'s ("TIC") motion for summary judgment. ECF Doc No. 43.

As it must, TIC "Admit[s] Hinde.....did not notify PIIC of the *claim* or *suit* until September 21, 2018...", some 3½ years late. (Emphasis added.) ECF No. 49, p. 27 (TIC Memo, p. 20). TIC further admits Hinde had an independent duty to notify PIIC. ECF No. 49, p. 33 (TIC Memo, p. 26.) Such admissions preclude any trigger of the PIIC Policy in the first instance. TIC also ignores that Hinde Development LLC ("Hinde") does not qualify as an additional insured.

New York Insurance Law §3420(a)(5) or §3420(c)(2)(A) does not apply to this action. Yet, TIC somehow believes it has the burden to prove PIIC was not prejudiced; i.e., the absence of any prejudice whatsoever. TIC argues that getting the default against Hinde vacated somehow establishes the absence of prejudice. But the prejudice suffered by PIIC is not limited to one thing, as TIC's counsel opines. TIC's brief is based upon argument and opinion of counsel, not evidentiary proof in admissible form. TIC's brief is classic *ipse dixit* in its direction and analysis.

Hinde, admittedly, never reported the claim or suit to PIIC. As such, PIIC's investigation was solely from the perspective of its named insured, tenant Puerto Rican Family Institute ("PRFI"). PIIC was not required to investigate Hinde's purported liability.

Finally, the vacatur of the default judgment did not eliminate the material prejudice suffered by PIIC. TIC's assertion it (through AmTrust) suffered no prejudice is irrelevant. To the extent this Court concludes §3420 applies, we submit PIIC was materially prejudiced, as a

matter of law, in the investigation and defense of the Ramos claim, and as to PIIC's own interests. Thus, TIC is entitled to nothing.

## STATEMENT OF UNDISPUTED FACTS

### The Lease

The Lease expressly *excluded* vaults, vault space or area, whether or not enclosed or covered, *not within the property line of the building*, notwithstanding anything else stated in the Lease to the contrary. *See*, Paniccia Dec., Ex. G, p. 8, Section 17.

### Notice to Hinde And Service of Suit Upon Hinde

Hinde became aware of the accident upon receipt of a February 20, 2015 claim letter from Mr. Ramos' counsel. *See,* Paniccia Dec., Ex. A, p. 33: 17-24; pp. 34: 3-11; 40-41: 19-25, 1-6. The October 9, 2015 Underlying Action complaint was served on Hinde *via* the New York Secretary of State on October 27, 2015. *See,* Paniccia Dec., Ex. J.

### Replacement of the Vault Doors in May 2015

Hinde was responsible for structural repairs under the Lease. *See,* Paniccia Dec., Ex. A, 16: 4-7. Hinde routinely made structural repairs to the premises. *See,* Paniccia Dec., Ex. K, 2nd full par, Bate 000219. Hinde made structural repairs when it replaced the vault doors in May, 2015. *See,* Paniccia Dec., Ex. H; Ex. A, pp. 19-20: 13-25,1-14; Ex. D, p. 94: 16-20; pp. 143-144:17-25,1-4.

### AmTrust's Tender of the Underlying Action

AmTrust tendered the Underlying Action to PIIC on September 21, 2018. *See,* Aptman Dec., Ex. 5 (ECF Doc. No. 47-9). On October 4, 2018 PIIC rejected AmTrust's tender on late notice and advised that Hinde did not qualify for additional insured status because the vault doors are not part of the leased premises. *See,* Aptman Dec., Ex. 7 (ECF Doc. No. 47-11).

## LEGAL STANDARD

Summary judgement may be granted to the movant if, upon reviewing the parties' submissions in the light most favorable to the non-movant, "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P 56(a). A fact is "material" if it "might affect the outcome of the suit under governing law," and is genuinely "in dispute" if the "evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Roe v. City of Waterbury*, 542 F.3d 31, 35 (2d Cir. 2008) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986)).

Moreover, this case involves interpretation of a statute: Insurance Law §3420, *et. seq.* Interpretation of the statutory language presents questions of law for this Court to resolve *de novo. Weingarten v. Board of Trustees of N.Y. City Teachers Ret. Sys.*, 98 N.Y.2d. 575, 580 (2002). It is fundamental that a court, in interpreting a statute, should attempt to effectuate the intent of the Legislature. *Majewski v. Broadalbin-Perth Cent. School Dist.*, 91 N.Y.2d 577, 583 (1998).

## ARGUMENT

### I.    NEW YORK'S "NO PREJUDICE" RULE IS CONTROLLING

### A.    New York Insurance Law §3420 Is Not Applicable

The language "the insured, injured person or any other claimant," set forth in New York Insurance Law §3420(a)(5) does not extend to another insurance company. *See, Pearson Capital Partners, LLC v. James River Ins. Co.*, 151 F.Supp.3d 392, 407 (S.D.N.Y. 2015) ("The phrase 'any other claimant' refers to 'any party that has *a claim against the insured arising under the policy*,' which by definition excludes other insurers of the insured." *State Nat. Ins. Co. v. Mt. Hawley Ins. Co.*, 19-cv-06625, 2021, WL 1193208, *8 (E.D.N.Y. 2021) (tendering carrier does not "stand in the shoes" of the insured and does not get the benefit from a tendering letter it sent

3

on behalf of its insured). As such, TIC has no basis to rely upon §3420(a)(5), as it is inapplicable to TIC.

Under New York law, when §3420 does not apply the common law rule for insurance contracts is the no-prejudice rule. *Indian Harbor Ins. Co. v. The City of San Diego*, 586 F.App'x 726, 729 (2d Cir. 2014); *See also*, *The Argo Corp. v. Greater N.Y. Mut. Ins. Co.*, 4 N.Y.3d 332, 333 (2005). Since §3420 does not apply, the PIIC Policy was vitiated as a matter of law when Hinde failed to timely report the occurrence, claim or suit. Accordingly, TIC does not need to prove the absence of prejudice and PIIC does not need to allege or demonstrate it was prejudiced. *Weeks Marine, Inc. v. American Steamship*, 08-cv-9878, 2011 WL3796331, *4 (S.D.N.Y. 2011).

## B. PIIC Did Not Waive Its Late Notice Defenses

TIC argues that PIIC waived its right to rely on the late notice defense when it failed to raise same in a letter sent to PRFI on August 23, 2019. *See*, Aptman Dec., Ex. 10. This argument fails as a matter of fact and law.

"Waiver is an intentional relinquishment of a known right and should not be lightly presumed." *Gilbert Frank Corp. v. Federal Ins. Co.*, 70 N.Y.2d 966, 968, 525 N.Y.S.2d 793, 795 (1988); *See also Albert J. Schiff Associates, Inc. v. Flack*, 51 N.Y.2d 692, 698, 435 N.Y.S.2d 972, 975 (1980).

TIC asserts two erroneous points as respects waiver. First, PIIC disclaimed coverage for late notice within 13 days of AmTrust's tender. *See*, Aptman Dec., Ex. 7. PIIC never withdrew or modified this letter. Nor was PIIC required to do so.

Second, Ms. Cruz of PIIC testified the August 23, 2019 letter was directed to a different entity (PRFI) altogether and was issued for the separate and distinct purpose of informing PRFI

that AmTrust attempted to tender late on behalf of Hinde. *See*, Aptman Dec, Ex. 10; Gershweir Dec., Ex. B: pp. 109-110: 3-23; 1-21; pp. 123-124: 20-25; 12-25.

Not only does TIC's waiver argument mischaracterize the purpose of the August 23, 2019 letter, the PIIC letter expressly states: "By mentioning specific grounds that may limit or preclude coverage, PIIC does not intend to waive other grounds which may currently exist or exist in the future. All rights are specifically reserved....." *See*, Aptman Dec., Ex. 10, p. 6. AmTrust was copied on the August 23, 2019 letter. At no time did PIIC modify, amend or withdraw its October 4, 2018 disclaimer letter sent in response to AmTrust's September 21, 2018 tender letter. Thus, under a common law waiver standard requiring an examination of all factors, there is no evidentiary proof in admissible form that PIIC ever intended to abandon its late notice defenses. *Estee Lauder Inc. v. OneBeacon Ins. Grp, LLC.*, 28 N.Y.3d 960 (2016).

TIC admits Hinde did not report the *claim* or *suit* until more than 3 years late. *See*, ECF Doc. No. 49, p. 20, par. I. (ECF No. 49, p. 27) "Facts admitted by a party are judicial admissions that bind that party throughout the litigation." *Hoodho v. Holder*. 558 F.3d 184, 191 (2d Cir. 2009). TIC is bound by its judicial admission that Hinde did not timely notify PIIC of the Ramos claim or Underlying Action and that Hinde had an independent duty to do so. *See*, TIC Memo, ECF 49, p. 26, last par., I. (ECF No. 49, p. 33).

### C. Lifting the Default Judgment Did Not Remedy the Material Prejudice

The prejudice requirements of §3420(a)(5) or §3420(c)(2)(A) do not apply to this action because it is being prosecuted solely by TIC. Nonetheless, TIC mistakenly believes it has the burden of proof to establish the absence of prejudice and has attempted to do so. Its effort fails, as a matter of law.

We do not dispute that if §3420 applies, TIC would have the burden to prove PIIC was not prejudiced, which requires a showing of a complete absence of any proof of prejudice whatsoever. N.Y. Ins. Law §3420(c)(2)(A). TIC has failed to prove a negative as a matter of law. In the event Your Honor concludes §3420(c)(2)(A) applies, then we submit that the prejudice suffered by PIIC is identifiable, material, irreparable and substantial as a matter of law. *Underwriters Ins. Co. v. ITG Dev. Grp., LLC*, 294 F.Supp.3d 18, fn. 14 (E.D.N.Y. 2018)(noting the difficulty in proving a negative and the lack of case law indicating how such proof may be demonstrated).

TIC relies purely upon opinion and general assertions of counsel, which fall short of the proof needed to prove the absence of material prejudice. TIC's general assertions and opinion are legally insufficient. *Harleysville Worcester v. Wesco Ins Co.*, 752 F.App'x 90, 94, (2d Cir. 2019) (generalized assertions are insufficient); *Slocum v. Progressive Nw, Ins. Co.*, 137 A.D.3d 1634 (4th Dep't. 2016) (rejecting conclusory allegations or assertions for use as proof). TIC also does not cite any case law whatsoever requiring an insurer to articulate in its coverage position letter every reason it was prejudiced. On the other hand, in verified responses to interrogatories, which constitute evidentiary proof in admissible form, PIIC articulated more than thirty reasons it was materially prejudiced. None of these reasons are in dispute. *See*, Paniccia Dec., Ex. E, pp. 6-9.

Importantly, Hinde had the vault door frame repaired and replaced the vault doors altogether *after* the December 24, 2014 accident and receipt of the February 20, 2015 claim letter. Hinde did so at a point in time when Hinde was under an obligation to provide notice of the claim and occurrence under the PIIC Policy. *Atl. Cas. Ins. Co. v. Value Waterproofing, Inc.*, 918 F.Supp.2d 243, 255-256 (S.D.N.Y. 2013) (prejudice found when late notice prevented insurer from being able to independently ascertain the cause of the [loss], and because the best

physical evidence was available to only one side). Hinde materially impaired the investigation and defense and irreparably prejudiced PIIC when a company named National Gates was hired in May, 2015 to structurally repair the vault frame and replace the vault doors. *See,* Paniccia Dec., Ex. H. Such action deprived PIIC of an opportunity to examine or determine: the condition of the vault doors frame prior to the May, 2015 repair; when, how and by whom the vault doors were damaged; if there was a manufacturer design defect or manufacturing defect that caused the vault doors deflection that resulted in the trip and fall; if the deflection was due to the frame structure of the door itself or if it was due to insufficient thickness of the steel used to make the vault doors; or determine if ongoing repairs of the vault doors by Hinde's contractors prior to replacement of the doors in May, 2015 was caused by a prior faulty or insufficient structural repairs to the frame or vault doors such that there was viable subrogation. Hinde's repair of the frame and replacement of vault doors altogether precluded PIIC from independently investigating the potential causes of the deflection and damage to the frame and vault doors. The irreparable and material prejudice to PIIC had already been done when the repair and replacement of the vault doors occurred on or before May 4, 2015.

PIIC was also denied any opportunity to protect its interests in being able to timely set a claim reserve for any of Hinde's liability exposure (from the perspective of a landlord/property owner), as Hinde only reported this claim to Tower *via* AmTrust. *Id* at 254 (notice provisions serve to enable insurers to timely investigate and maintain reserves). Inability to quantify the prejudice does not negate the existence of prejudice when there is a denial of a meaningful opportunity to investigate, litigate or defend. If late notice prevents the insurer from taking steps to mitigate its liability and protect its interests, prejudice exists (e.g. set a reserve) and there is no

duty to indemnify. *Id.*; *See also, Emigrant Bank v. Commonwealth Land Title Ins. Co.*, 15-cv-7593, 2017 WL 4286335, *13 (S.D.N.Y. Sept. 26, 2017).

In the instant matter, PIIC was prevented from taking any steps to investigate Hinde's liability and protect its interests because Hinde never reported the claim. PIIC had no reason to investigate and defend out-of-possession landlord Hinde in that it was adverse to PRFI. PIIC investigated the Ramos claim from the perspective of the only party that reported the claim (tenant PRFI) and concluded PRFI had no liability for the accident, which determination proved correct when PRFI was dismissed from the case. PIIC's investigation from the perspective of out-of-possession landlord Hinde would be have been entirely different.

Relatedly, if structural alterations were made to the vault doors prior to the December 24, 2014 fall PIIC would have invoked its structural alterations exclusion. *See,* Gershweir Dec., Ex. A, Bate D00313., par. 2.f., subparagraph (2).

Such investigation would have included analyzing the work of National Gates (vault door repair and replacement company), Larry's Steel Works (now out of business vault door repairs company) or any other company that performed work or services at the building for Hinde. *See*, Paniccia Dec., Ex. A, p. 24: 2-5; p. 25: 12-18. An insurer's loss of right to mitigate and protect its interests constitutes prejudice. *Emigrant Bank v. Commonwealth Land Title Ins. Co.*, 15-cv-7593, 2017 WL 4286335, *13 (S.D.N.Y. 2017). But Hinde's alteration of the frame and removal of the vault doors after the accident and prior to any notice to PIIC permanently and materially prejudiced PIIC in its ability to investigate same and, thus, being able to invoke its structural alterations exclusion. PRFI had no need to investigate potential subrogation issues arising from the structural alterations made to the vault doors frame from the perspective of PRFI, as tenant PRFI had absolutely no responsibility for maintenance of the vault doors.

8

A timely investigation of the facts from the perspective of Hinde's liability and defenses are markedly different than that of tenant PRFI under New York City rules and regulations. Hinde's Answer never raised the defense of lack of privity with PRFI and it never advised that it capitulated to plaintiff Ramos' demand that Hinde waive its affirmative defenses and that AmTrust waive its late notice defenses. *See*, Paniccia Dec., Ex. F; Ex. K, p. 2, par. 2. At that time, PIIC was investigating the Ramos claim from the perspective of PRFI, not from the perspective of Hinde as an adverse landlord. Had Hinde reported the occurrence or claim at the time of PIIC's initial investigation, such information and property (vault doors) was highly relevant to an investigation and defense of landlord Hinde. Hinde denied PIIC any opportunity to make that inspection by ordering the repairs and replacement of the doors before notifying PIIC, and only advising PIIC years later there was a repair (not a replacement of the vault doors). *Atl. Cas. Ins. Co. v. Value Waterproofing, Inc.*, 918 F.Supp.2d 243, 255-256 (S.D.N.Y. 2013) (impeding independent investigation of highly relevant information constitutes prejudice).

PIIC need not show how an investigation performed by any other insurer or party may have been biased or incomplete. *Id.* at 256. Where the best physical evidence was available to only one side (e.g. Hinde) but not the other because of an unreasonable failure to provide notice, prejudice has been shown. *Id.* at 256. These undisputed facts alone establish TIC cannot meet its burden of proof to demonstrate the *absence* of the prejudice suffered by PIIC, as a matter of law.

TIC argues Mr. Ramos' counsel reported the claim to PIIC under Clause IV of the PIIC Policy. TIC fails to quote the entirety of Clause IV of the PIIC Policy, which requires "*written notice* by or on behalf of the injured person", and applies when notice is sent to an *agent* of PIIC. (Emphasis added.) *See*, Gershweir Dec., Ex. A, D00288, par. C. Mr. Ramos' counsel did not send *written notice* of the claim to PIIC. Rather, Ms. Cruz of PIIC reached out to plaintiff's

counsel on January 13, 2016 and "asked that the lawsuit be forwarded so that [PRFI] may respond to [it]." *See*, Gershweir Dec., Ex. C. p. 31 (p. 14 of ECF No. 46-4). Mr. Ramos' counsel did not report anything to PIIC or an agent of PIIC. Moreover, notice to the insured's broker is not sufficient to constitute notice to the insurer. *Rosier v. Stoeckeler Sr.*, 101 A.D.3d 1310, 1312-1313 (3d Dep't 2012). As such, TIC's attempt to remedy Hinde's reporting failure *via* Mr. Ramos' counsel has no basis in fact or law. In any event, untimely notice from an injured party to a broker does not constitute notice from the insured, and certainly not from an additional insured. *Pavarini McGovern, LLC., et al. v. Geiger Const. Co., Inc., et al.*, 58 Misc.3d 1203(A), *13 (2017) (additional insured's independent obligation to provide notice not excused based on notice to insurer from an independent source).

Finally, TIC conflates the late notice defense with Hinde not qualifying as an additional insured. There is no additional insured status if the accident did not occur on that part of the premises leased to PRFI. PIIC's investigation determined that the vault doors upon which Mr. Ramos fell were not "that part of the premises leased" to PRFI. PIIC's determination was stated in PIIC's October 4, 2018 disclaimer letter. *See*, Aptman Dec., Ex. 7. PIIC's acknowledgement that it would not have defended Hinde even if it timely reported the claim is based on Hinde's failure to qualify as an additional insured in the first instance. The defense of lack of insured status remains a valid defense in this case.

TIC's arguments that PIIC had the "same *ability*" to defend Hinde (ECF No. 49, p. 32), that it should have been "aware" Hinde was an additional insured (ECF No. 49, p. 32), that it was "better positioned" to defend because PRFI provided notice (ECF No. 49, p. 33), and that it "chose" not to defend Hinde (ECF Doc. 49, p. 26) all miss the point. First, these arguments conflate PRFI's potential legal liability defenses and loss exposure with the potential defenses

and loss exposure of Hinde by erroneously assuming they are identical. They were not. The potential defenses and loss exposures as between PRFI and Hinde could not have been more different and distinct, as evidenced by the April 27, 2021 Order dismissing PRFI from the Underlying Action. *See*, Gershweir Dec., Ex. Q.

Second, the threshold trigger to the insurer is receipt of notice of the occurrence, claim and suit. Any investigation of the occurrence, claim or suit from the perspective of landlord Hinde begins with the notice. The absence of any notice whatsoever from Hinde does not present a "choice". PIIC had no "choice" because Hinde never tendered its defense to PIIC. And counsel's argument that the only source of prejudice was the default judgment is *ipse dixit* and fully rebutted by PIIC's Exhibit E, which articulates more than 30 bases upon which PIIC suffered material prejudice. *See*, Paniccia Dec., Ex. E, Resp. to Interrog. No. 4, pp. 6-9. The evidence that PIIC suffered material prejudice is overwhelming and irrefutable. Thus, TIC has failed to carry its burden of proof, assuming *arguendo* §3420(a)(5) or §3420(c)(2)(A) even apply.

Third, any assertion that vacating the default judgment eliminated the prejudice to PIIC is itself a tacit admission of the existence of prejudice. When Hinde reported the Underlying Action to AmTrust it too disclaimed coverage to Hinde for late notice and prejudice, just like PIIC. AmTrust advised Hinde that "you breached the policy conditions by failing to notify us of the "'occurrence,' claim and suit as soon as practicable and by failing to immediately forward the suit papers to us." *See*, ECF Doc. 47-10, bottom of p. 4 (Aptman Dec., Ex. 6, bottom of p. 3). AmTrust advised Hinde its defense was impaired because Mr. Ramos' counsel would not allow an Answer to be filed unless AmTrust/TIC waived all reservations as to [late] notice by Hinde. *See*, ECF Doc. 47-10, bottom of p. 5 (Aptman Dec., Ex. 6, bottom of p. 4).

11

TIC now has the temerity to argue that because Mr. Ramos agreed to vacate the default for TIC, there was somehow no prejudice to PIIC. But TIC fails to point out that Mr. Ramos' counsel extracted a crucial concession from TIC. TIC had to waive its own valid late notice defense. That TIC knowingly and voluntarily waived its own valid late notice defense does not somehow magically eviscerate the material prejudice PIIC suffered and is continuing to suffer. An investigation and defense of landlord Hinde would have entailed a completely different analysis of important factual information, setting of reserves, subrogation recovery, and efforts at early settlement than that entailed with PIIC's defense of tenant PRFI.

### D. Hinde's Failure to Report Was Not Remedied By Others

Hinde itself never reported the Ramos occurrence, claim or suit to PIIC. Where a policy of liability insurance requires notice of an occurrence be given "as soon as practicable" such notice must be given within a reasonable period of time. An insured's failure to satisfy the notice requirement constitutes a failure to comply with a condition precedent which, as a matter of law, vitiates the contract. *Great Canal Realty Corp. v. Seneca Ins. Co., Inc.*, 5 N.Y.3d 742,743 (2005). Unexcused delays of about a month or two months have been held to be unreasonable as a matter of law. *Tower Ins. Co. of N.Y. v. Amsterdam Apts., LLC*, 82 A.D.3d 465, 466 (1st Dep't 2011) (76 days held unreasonable); *Metro. Trans. Auth. v. Tutor Perini Corp.*, 564 F.App'x. 618, 620 (2d Cir. 2014)(two month delay is unreasonable as a matter of law); *U.S. Underwriters v. ITG Dev. Grp., LLC*, 294 F.Supp.3d 18, 26 (E.D.N.Y. 2018) (citing *United Nat. Ins. Co. v. 515 Ocean Ave., LLC*, 477 F.App'x. 840, 843 (2d Cir. 2012).

Hinde received notice of Mr. Ramos' injury by letter dated February 20, 2015, which expressly requested that Hinde forward plaintiff's letter to "your insurance company." *See*,

Gershweir Dec., Ex. D, Bate D01158. It is undisputed that Hinde did not report the occurrence or claim (plaintiff's letter) to AmTrust or PIIC.

The PIIC Policy condition precedent notice requirement applies equally to both the primary insured and additional insureds. *Travelers Ins. Co. v. Volmar Const. Co.*, 300 A.D.2d 40, 44 (1st Dep't 2002). The fact that an insurer may have received notice of the claim from the primary insured, or some other source, does not excuse an additional insured's failure to provide notice. *Tower Ins. Co. of N.Y. v. Commissary Dir. Inc.*, 63 Misc.3d 1229(A) at *5 (2019); *N.Y. Marine and Gen. Ins. Co. v. Travelers. Prop. Cas. Co. of Amer.*, 485 F.Supp.3d 398, 406-407 (S.D.N.Y 2020).

The person charged with collecting PRFI's rent and PRFI's point of contact for the landlord was Abraham Strulovitch ("Mr. Strulovitch") of Webster AV Management, LLC (Hinde's agent and property co-manager). *See*, Adler Dec.,¶ 2; Paniccia Dec., Ex. A, pp. 9-10: 23-25; 1-2; p. 40: 13-22; ECF No. 49, p. 18 (TIC Memo p. 11). Ms. Cruz of PIIC called Mr. Strulovitch on behalf of PRFI on May 4, 2015 to inquire about the accident and was informed that [Hinde] "also received notice of the doors and that was taken care of....he is not sure if they took pictures or what was wrong with the door but he knows there was a repair." *See*, Gershweir Dec. Ex. C, D01246; ECF No. 49, p. 32 (TIC Memo p. 25). Knowledge of the occurrence obtained by an agent charged with the duty to report such matter is imputed to the principal. *Tower Ins. Co. of New York v. Classon Heights, LLC*, 82 A.D.3d 632, 635 (2011). Hinde's agent and co-manager of the property was aware of the occurrence. However, neither Hinde nor its agent ever reported the occurrence, claim or suit to PIIC. As such, the PIIC Policy was vitiated as a matter of law. *Daimler Chrysler Ins. Co. v. Keller and RLI Ins. Co.*, 164 A.D.2d 1209, *1210 at "4 5 6" (2d Dep't 2018) (rule applies to excess carriers as well).

More importantly, the failure of Hinde to provide notice to PIIC was conscious and deliberate. The President of Hinde, Larry Adler, testified in the Underlying Action that he was aware of the accident involving the vault doors and had received plaintiff's February 20, 2015 demand letter. Mr. Adler testified about his knowledge of the accident and of his conversation with Mr. Ramos' counsel that, "your letter…..as you remember, got me agitated, to put it mildly…..I was P.O'd……I was really up there and I acknowledge it." *See*, Paniccia Dec. Ex. A, pp. 33-34: 9-25;1-11. Despite having had a conversation with Mr. Ramos' counsel and having received the February 20, 2015 letter expressly instructing Hinde to report the matter to its insurer, Hinde failed to forward a copy of the February 20, 2015 letter to any insurer or even timely file an Answer to the complaint. *See*, Gershweir Dec., Ex. D (D01158) and Ex. L. Hinde's failure to report the occurrence, claim and suit involved unexplained but nonetheless conscious, deliberate acts.

The *City of New York v. Continental Casualty* case TIC cites involved an analysis of an auto insurance policy having a different notice language structure. *City of New York v. Continental Casualty*, 27 A.D.3d 28 (1ˢᵗ Dep't 2005). Most importantly, *Continental Casualty* was a failure to cooperate case; did not involve the insured's failure to provide notice of the occurrence; the reporting delay in issue was 90 days (not 3½ years); and the court reaffirmed that a 14 month delay would constitute late notice as a matter of law as found in *Argo Corp. v. Greater N.Y. Mut. Ins. Co.*, 4 N.Y.3d 332 (2005). *Id.* Moreover, an additional insured may not rely upon notice from the named insured if the additional insured's acts were deliberate. *City of New York v. Continental Casualty*, 27 A.D.3d 28, 32 (1ˢᵗ Dep't 2005). The *Continental Casualty* court was interpreting a "cooperation clause", not a notice provision. As indicated in

*Continental*, a failure to cooperate involves a much higher standard regarding "willful and avowed obstruction", which was not met in that case. *Id* at **4.

Lastly, in *Continental Casualty*, there was no adversity between the parties. Here, Hinde was adverse to PRFI. Hinde filed cross-claims against PRFI. AmTrust acknowledged such conflict. *See*, Paniccia Dec., Ex. D, pp. 97-98: 22-25; 1-4; Ex. F, ¶20-25 (pp. 4-5). A primary insured and an additional insured are not "united in interest' and adversity exists if they have asserted cross-claims against one another in an action for which they seek coverage. *See Time Warner Cable of New York City v. Hylan Datacom & Elec., Inc.*, No 0107798/2005, 2007 WL 2176562 (N.Y. Sup. Ct. April 13, 2007; *1700 Broadway Co. v. Greater New York Mut. Ins. Co.*, 863 N.Y.S.2d 434, 436 (1st Dep't 2008)(insureds interests were adverse in suit for personal injury on a premises of which the additional insured was an "out-of-possession" landlord and the primary insured was a current tenant prior to service of cross-claims).

TIC's argument that PIIC received notice of the claim when it received a copy of the complaint from Mr. Ramos' counsel in January, 2016 is curious and misplaced for several reasons. First, J.A. Faccibene provided notice of the Ramos claim only *on behalf of PRFI*. At no time did Hinde ask J.A. Faccibene to provide notice to PIIC. J.A. Faccibene was the insurance agent of PRFI, not Hinde. The J.A. Faccibene facsimile notice identified the insured as "Puerto Rican Family Institute" at page 1 and "Puerto Rican Family" at page 2. *See*, Gershweir Dec., Ex. D, D01155- D01156. Ms. Cruz of PIIC testified that at the beginning of her handling of the Ramos claim she did not even know Hinde was the landlord. *See*, Gershweir Dec., Ex. B, p. 37: 19-22. Ms. Cruz's internal claim notes upon which TIC relies at footnote 65 simply documents what Mr. Ramos' counsel told her and is not proof she agreed with or confirmed such statement. Even PRFI's representative did not know Hinde was the landlord. *See*, Paniccia Dec., Ex. B, p.

31: 10-15. And the Underlying Action was not filed until October, 2015, at least seven full months after Hinde became aware of the Ramos claim. As such, TIC's argument that PIIC in fact knew at the outset that Hinde was the landlord or that Mr. Ramos' counsel unilaterally reported the Underlying Action to PIIC is erroneous and has no basis in fact or law.

Second, when parties are adverse.... as were out-of-possession landlord Hinde and tenant PRFI....notice from one is not deemed notice from the adverse party. *Ambrosio v. Newburgh Enlarged City School Dist. v. Hanover Ins. Co.*, 5 A.D.3d 410, 412 (2d Dep't 2004) (when the insured and additional insured are adverse to each other, the additional insured has an independent duty to provide notice to the insurer).

The February 20, 2015 letter sent *via* facsimile by J.A. Faccibene was forwarded on behalf of its client PRFI. Hinde's insurance broker was Aaron Plum, Inc. *See*, Aptman Dec.[1], Ex. 1, D01345. PIIC acknowledged the March 3, 2015 facsimile from J.A. Faccibene stating, "We have received notice of your loss for *your client* [PRFF[2]]...." (Emphasis added.) *See*, Paniccia Dec., Ex. M, D01300. Thus, TIC's broker argument likewise fails.

## II.    TIC'S ABUTTING SIDEWALK CASES ARE INAPPLICABLE

### A. The Vault Doors Are Not Part of the Leased Premises

TIC exclusively relies upon sidewalk defect cases which are all distinguishable. None of these cases involve vault doors (as opposed to the concrete or paved portion of the sidewalk) or analyze or discuss that vault doors are separately regulated by the City of New York. See, 34 R.C.N.Y. 2-07(b)(1). Not only were the vault doors not part of the leased premises, the vault doors area was expressly carved out and remained the exclusive responsibility of Hinde

---

[1] TIC brief footnote 39, Aptman Decl. Ex. 4, does not contain any "first-notice documents".
[2] Puerto Rican Family Foundation is the Named Insured identified in the Declarations page of the PIIC Policy. *See*, Gershweir Dec., Ex. A, D00031.

regardless of anything contained elsewhere in the Lease "to the contrary notwithstanding." *See*, Paniccia Dec, Ex. G, p. 8, Section 17. In other words, regardless of any obligation of PRFI in the Lease to purchase insurance, indemnify Hinde, remove snow and ice, or any license clause contained in the Lease, the vault doors remained the responsibility of Hinde, as they were not part of the leased premises. TIC ignores same.

The Lease terms reflect and document the intent that PRFI had no responsibility for the vault space, area or covers (vault doors) outside of the property line of the 4123 Third Avenue building, including maintenance and repairs to the vault doors. Thus, the Ramos claim is distinguishable on its unique facts from all of the generic sidewalk cases upon which TIC relies. As Hinde's additional insured status was derivative of only "that part of the premises leased", Hinde was not an additional insured as to any liability Hinde retained for the vault area or space outside of the building property line. This distinction is further confirmed in Judge Armstrong's April 27, 2021 decision dismissing PRFI from the Underlying Action. *See*, Gershweir Dec., Ex. Q, p. 6 (7 of 7).

Determining factors in the generic sidewalk pavement cases relied upon by TIC are: the actual terms of the lease, whether the area in issue was necessary to ingress or egress to the building, and whether the injured party was a patron or invitee of the insured.

Here, the Lease expressly carved out and excluded the vault, vault space or vault area (vault doors) outside of the building. Mr. Ramos was a passerby only. Mr. Ramos was not a client, patron, invitee or visitor of PRFI. Mr. Ramos was not on his way into or out of the leased building. The location of the fall was not necessary to ingress or egress to the building. Mr. Ramos did not need to cross the vault doors to get in or out of the building. Mr. Ramos was a pedestrian who had no connection whatsoever to PRFI. *See*, Paniccia Dec., Ex. D, pp. 202-203:

25; 1-4; Ex. I. Also, Judge Armstrong ruled in the Underlying Action that the Lease between Hinde and PRFI did not create a duty which runs from PRFI to underlying plaintiff Mr. Ramos. *See*, Gershweir Dec., Ex. Q, p. 4.

Hinde's decision to repair the frame and replace the damaged vault doors confirms Hinde's statutory duty to repair or replace the doors under 34 R.C.N.Y. 2-07(b)(1). Hinde's decision to undertake the repair and replacement of the vault doors was also in accord with Section 17 of the Lease wherein it states that the vault area and space outside the property line of the building (whether or not enclosed or covered) is not part of the premises leased by PRFI. *See*, Paniccia Dec., Ex. G, p. 8, Section 17.

Contrary to TIC's position, not every fall on a sidewalk invokes liability for an additional insured under a *ZKZ Associates* analysis. In *Town Plaza of Poughquag and Tower Ins. Co of N.Y. v. Hartford Insurance[3]*, 175 F.Supp.3d 93, 102 (S.D.N.Y. 2016), the court found against Tower when it ruled a tenant's patron walking out of the store leading away from the pharmacy was not sufficient to find that the injury arose out of the maintenance, use, or operation of the leased premises. Therefore, coverage is not always found for the lessor "no matter the circumstances". *See*, ECF Doc. No. 49, p. 30. Here, not only was Ramos not a patron of PRFI, the location of the fall was not necessary for entering the building, as he was not entering or exiting the building.

As further proof that the location of Mr. Ramos' fall was not part of the leased premises, Mr. Adler of Hinde testified in the underlying Ramos action that Hinde replaced the "entire sidewalk from the curb to the building line". *See*, Paniccia Dec., Ex. A, pp. 36-37: 21-25; 1-13. The certified survey of the 4123 Third Avenue property shows that the vault doors, identified as

---

[3] TIC's counsel represented Tower in the 2016 S.D.N.Y *Town Plaza* case.

"CE" in the survey, are on the sidewalk and outside of the property line of the building. *See*, Paniccia Dec., Ex. L.

## III.     THE BUSINESS INTENT BETWEEN HINDE AND PRFI IS RELEVANT TO THE COVERAGE ANALYSIS

The Second Circuit has made clear, the meaning of an insurance policy must be examined in "light of the business purpose sought to be achieved by the parties and the plain meaning of the words used by them to effectuate those purposes." *Newmont Mines Ltd. v. Hanover Ins. Co.*, 784 F.2d 127, 135 (2d Cir. 1986). PIIC is not Hinde's general liability insurer, as evidenced by  existence of the Tower Policy. Nor does the PIIC Policy serve as general "coverall" insurance for Hinde. Section K.2.f. of the PIIC Policy endorsement is limited and circumscribed to only "that part of the premises" leased to PRFI. *See*, Gershweir Dec., Ex. A, D00313. Hinde's liability did not and could not arise out of "that part of the premises leased" to PRFI for one simple and undeniable fact: the covered vault space and vault area outside of the building was *never* leased or licensed to PRFI. The Lease explicitly so states. *See*, Paniccia Dec., Ex. G, p. 8, Section 17.

Hinde and PRFI were capable of anticipating the vault door liability as part of their bargained-for-risk at the time of entering the Lease. *Town Plaza of Poughquag and Tower Ins. Co of N.Y. v. Hartford Insurance*, 175 F.Supp.3d 93, 102 (S.D.N.Y. 2016). The PIIC Policy terms and the Lease terms confirm that the business purpose did not impose any liability on PRFI arising from Hinde's ownership, maintenance or use of the vault doors. Since the vault doors were not part of the premises leased to PRFI, Hinde was not entitled to defense or indemnity under the PIIC Policy.

## IV.   TIC MADE NO PAYMENT DIRECTLY TO HINDE

TIC set no loss reserve for the Underlying Action and made no payment in the defense or settlement of the Ramos claim. Nor could it because TIC had no employees and had no claim reserves to make payment. *See*, Paniccia Dec. Ex. B, p. 19: 13-15; p. 33: 16-18.

All payments for defense and settlement were made by AmTrust North America. *See*, ECF Doc. 47, Aptman Dec., Ex. 11.  AmTrust North America is not the insurer named in the Cut-Through Endorsement of the Tower Policy. *See*, Aptman Dec., Ex. 1, Bate D01521. Mr. Aptman's Declaration that TIC "funded" the AmTrust "bank account" lacks foundation, making such statement inadmissible. As the Court will note, Exhibit 2 of the Aptman Declaration is signed by TIC's Secretary and General Counsel. *See*, Aptman Dec., Ex. 2, ECF Doc. No. 47-6 at p. 30. Yet, the Declaration of Mr. Aptman is not made by any employee, director or officer of TIC.  Nor does the Declaration set forth how Mr. Aptman knows TIC "funded" the account, the person he spoke to, or the means, manner or method of such purported funding.  As a result of the settlement, AmTrust became the real party in interest, not TIC or Hinde. *Technology Ins. Co. v. First Mercury Ins. Co.*, 194 A.D.3d 530 (1st Dep't 2021).

TIC has failed to prove it made any payments to anyone or made any payment directly to Hinde under the Tower Policy. TIC has failed to prove it has suffered any injury.

### CONCLUSION

PIIC respectfully requests that the Court deny TIC's motion for summary judgment because Hinde does not qualify as an additional insured under the PIIC Policy; the PIIC Policy was vitiated as a matter of law; PIIC need not show prejudice; TIC failed to carry its burden that PIIC was not prejudiced; or alternatively that PIIC has suffered material prejudice as a matter of law; and declare that TIC is entitled to nothing.

Dated:  New York, New York
       May 25, 2022

MARSHALL CONWAY BRADLEY
GOLLUB & WEISSMAN, P.C.

Christopher T. Bradley
Samuel F. Paniccia
45 Broadway, Suite 740
New York, New York  10006
Phone: (212) 619-4444
cbradley@mcwpc.com
spaniccia@mcwpc.com
*Attorneys for Defendant Philadelphia Indemnity Insurance Company*