UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
TECHNOLOGY INSURANCE COMPANY, INC.,
as reinsurer and successor to Tower Insurance
Company of New York,

                    Plaintiff,

   - against -

PHILADELPHIA INDEMNITY INSURANCE
COMPANY,

                    Defendant.
------------------------------------------------------------X

Civil Action No.: 1:21-cv-07387


**DEFENDANT'S REPLY MEMORANDUM OF LAW IN FURTHER
SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT**


MARSHALL CONWAY BRADLEY
  GOLLUB & WEISSMAN, P.C.
Christopher T. Bradley
Samuel F. Paniccia
45 Broadway, Suite 740
New York, New York 10006
Phone: (212) 619-4444
cbradley@mcwpc.com
spaniccia@mcwpc.com
*Attorneys for Defendant Philadelphia
Indemnity Insurance Company*

## TABLE OF CONTENTS

TABLE OF CONTENTS ........................................................................................................i

TABLE OF AUTHORITIES...............................................................................................ii

PRELIMINARY STATEMENT ..........................................................................................1

LEGAL STANDARD ..........................................................................................................1

ARGUMENT.........................................................................................................................2

    POINT I: TIC'S ABUTTING SIDEWALK CASES ARE INAPPLICABLE...................2

        A. The Vault Doors Were Not Part of the Leased Premises ............................2

    POINT II: INSURANCE LAW §3420 DOES NOT APPLY TO THIS ACTION............4

        A. N.Y. Insurance Law §3420 Does Not Apply to Claims Between
          Insurers ......................................................................................................4

        B. PIIC Was Materially Prejudiced................................................................10

    POINT III:   TIC HAS NO LEGAL RIGHT TO SEEK REIMBURSEMENT OF
             SUMS PAID BY AMTRUST .................................................................14

CONCLUSION ...................................................................................................................15

# TABLE OF AUTHORITIES

## Cases

*23-08-18 Jackson Realty Assoc. v. Nationwide Mutual Ins. Co.*, 2008 Slip Opinion 06203
(2nd Dept. 2008) .......................................................................................................................13

*Ambrosio v. Newburgh Enlarged City School District*, 5 A.D.3d 410 (2nd Dept. 2004) .............14

*Atl. Cas. Ins. Co. v. Value Waterproofing, Inc.*, 918 F.Supp.2d 243 (S.D.N.Y. 2013).................11

*Bovis Lend Lease LMB, Inc. v. Royal Surplus Lines Ins. Co.*, 806 N.Y.S.2d 53
(N.Y. App. Div. 2015) ..............................................................................................................5, 6

*Brown v. Eli Lilly & Co.*, 654 F.3d 347 (2d Cir. 2011) ....................................................................1

*Burt Rigid Box, Inc. v. Travelers Prop Cas. Corp.*, 126 F.Supp.2d 596 (W.D.N.Y 2001) .............1

*Carlson v. Amer. Int'l Group, Inc.*, 130 A.D.3d 1477 (4th Dep't 2015)..........................................5

*City of New York v. St. Paul Fire & Marine Ins. Co.*, 21 A.D.3d 978 (2nd Dept. 2005)..............13

*City of New York v. Welsbach Electric Corp.*, 49 A.D.3d 322 (1st Dept. 2008)...........................14

*DeForte v. Allstate Ins. Co.*, 81 A.D.2d 465 (1981).......................................................................3

*Illinois Union Ins. Co. v. Midwood Lumber & Millwork, Inc.*, 13-cv-2466, 2014
WL 639420 (E.D.N.Y. 2014).......................................................................................................2

*Indian Harbor Ins. Co. v. City of San Diego*, 972 F.Supp.2d 634 (S.D.N.Y. 2013)....................12

*Indian Harbor v. City of San Diego*, 586 F.App'x 726 (2d Cir. 2014) ...........................................7

*Liberty Ins. Underwriters v. Greenwich Ins. Co.*, 16-cv-4293, WL 4100489 (E.D.N.Y. 2018).....5

*N.Y. Marine and General Ins. Co. v. Travelers Prop. Cas. Co. of Amer.*, 485 F.Supp.3d 398
(S.D.N.Y 2020) .........................................................................................................................12

*Old Republic Gen. v. Century Sur. Co.*, 17-cv-3415, 2018 WL 4356729 (S.D.N.Y. 2018) ...........6

*Pearson Capital Partners, LLC v. James River Ins. Co.*, 151 F.Supp.3d 392
(S.D.N.Y. 2015)...........................................................................................................................5

*Peerless Ins. Co. v. Tech. Ins. Co., Inc.*, 829 F.App'x 549, (2d Cir, 2020)..................................10

*Picard v. JPMorgan Chase & Co.*, 460 B.R. 84 (S.D.N.Y. 2011)....................................................14

*Platek v. Town of Hamburg*, 24 N.Y.3d 688 (2015) ........................................................................3

*Ponok Realty Corp. v. United Nat. Specialty Ins. Co.*, 69 A.D.3d 596, 893 N.Y.S.2d 125, 127 (2d Cir. 2010)...........................................................................................................................7

*Pub. Serv. Mut. Ins. Co. v. Tower Ins. Co. of N.Y.*, 111 A.D.3d 476 (1st Dep't 2013) ...................9

*Ross v. AXA Equitable Life Ins. Co.*, 115 F.Supp.3d 424 (S.D.N.Y. 2015) ...................................14

*Sevenson Envtl. Servs., Inc. v. Sirius Am. Ins. Co.*, 64 A.D.3d 1234, 883 N.Y.S.2d 423 (4th Dep't 2009) ........................................................................................................................7

*Tech. Ins. Co. v. First Mercury Ins. Co.*, 194 A.D.3d 530 (2021).....................................................8

*The Argo Corp. v. Greater N.Y. Mut. Ins. Co.*, 4 N.Y.3d 332 (2005) ...........................................12

*Tom Rice Buick-Pontiac v. Gen. Motors Corp.*, 551 F.3d 149 (2d Cir. 2008)................................9

*Tops Markets, Inc. v. Maryland Cas Ins. Co.*, 267 A.D. 999 (4th Dept. 1999)..............................13

*Tower Ins. Co. of N.Y. v. Commissary Dir. Inc.*, 63 Misc.3d 1229(A) (2019)...............................14

*Town Plaza of Poughquag and Tower Ins. Co of N.Y. v. Hartford Insurance*, 175 F.Supp.3d 93 (S.D.N.Y. 2016) .............................................................................................3

*Travelers Ins. Co. v. Volmar Construction Co. Inc.*, 300 A.D.2d 40 (1st Dept. 2002)................14

*Wausau Underwriters Ins. Co. v. Old Republic Gen. Ins. Co.*, 122 F.Supp.3d 44 (S.D.N.Y. 2015)..........................................................................................................................5

*Zurich Am. Ins. Co v. Liberty Mut. Ins. Co.*, 710 F. App'x 3 (2d Cir. 2017) ..................................6

*Zurich Amer. Ins. Co. v. Wausau Bus. Ins. Co.*, No. 16-cv-3643, 2018 WL 4684112 (S.D.N.Y. 2018) .................................................................................................................................6

**Statutes**

N.Y Insurance Law §3420, *et seq.*..................................................................................1,6

N.Y. Insurance Law §3420...........................................................................................4,5,6,8

N.Y. Insurance Law §3420(a)(5)..................... .............................................................*passim*

N.Y. Insurance Law §3420(c)(2)(A) ...........................................................................7,8,9,10

N.Y Insurance Law §3420(d) …………………………………………………………...…..6,7,9

N.Y. Insurance Law §3420(d)(2) ........................................................................6,9,13

34 R.C.N.Y §2-07(b)(1) ..................................................................................................4

New York City Administrative Code §7-210................................................................4

## PRELIMINARY STATEMENT

Philadelphia Indemnity Insurance Company ("PIIC") submits this reply memorandum of law in further support of its motion for summary judgment.

Nothing TIC has said in its opposition brief changes the fact that TIC admitted Hinde failed to report the claim or suit to PIIC for over three years. ECF Doc No. 49, p. 27 (p. 20 brief).

Moreover, Technology Insurance Company, Inc.'s ("TIC") opposition brief now makes clear it cannot overcome the burdens it faces as to the applicable Lease language, the inapplicability of N.Y. Insurance Law §3420, *et seq.* to disputes between insurers, or that PIIC was materially prejudiced as a matter of law.

For the reasons discussed below, PIIC respectfully requests that this Court grant PIIC's motion for summary judgment as a matter of law.

## LEGAL STANDARD

The party opposing summary judgment "must do more than simply show there is some metaphysical doubt….and may not rely on conclusory allegations or unsubstantiated speculation." *Brown v. Eli Lilly & Co.*, 654 F.3d 347,358 (2d Cir. 2011). As a general matter, in cases of this nature, "whether an insurer has an obligation to defend is a question of law for the courts." *Burt Rigid Box, Inc. v. Travelers Prop Cas. Corp.*, 126 F.Supp.2d 596, 634 (W.D.N.Y. 2001), *aff'd in part, rev'd in part on other grounds*, 302 F.3d 83 (2d Cir. 2002).

## ARGUMENT

### I.    TIC's Abutting Sidewalk Cases Are Inapplicable

#### A.  The Vault Doors Were Not Part of the Leased Premises

Not a single sidewalk case relied upon by TIC involves a fall on vault doors.  Not a single sidewalk case relied upon by TIC analyzes a lease that expressly excludes the location of the liability in issue from that part of the premises leased to the tenant. Not one a single case relied upon by TIC involves a claim scenario as unique as the Ramos claim.

TIC pretends this matter involves a run-of-the mill sidewalk case. But it does not. The Lease terms and location of the fall make the underlying Ramos claim distinguishable from all of TIC's cited cases. Not a single sidewalk case cited by TIC ruled that for any and all purposes a tenant's insurance constitutes "coverall" insurance for the landlord, no matter what the factual situation.

If the space in issue (vault doors) is not part of the premises leased to Puerto Rican Family Institute ("PRFI"), then PRFI had no obligation to provide any insurance protection of any kind or nature to Hinde and Hinde fails to qualify as an additional insured.

To distance itself from the Lease language excluding vault space or area, TIC attempts to manufacture an ambiguity in trying to re-write the additional insured clause of the PIIC Policy. But TIC cites to no case holding what it calls industry-standard language  (e.g. "that part of the premises leased") to be ambiguous.

The *DeForte* case TIC relies upon is inapposite in that the court was analyzing the term "at" in a dog bite case. The term "at" is not even used within the additional insured clause of the PIIC Policy or the Lease clause. *See*, *Illinois Union Ins. Co. v. Midwood Lumber & Millwork, Inc.*, 13-cv-2466, 2014 WL 639420, *8  (E.D.N.Y. 2014).  Consistent with PIIC's position, the

*DeForte* court stated that "the entire 'transaction as a whole' should be examined to determine if coverage exists. *DeForte v. Allstate Ins. Co.*, 81 A.D.2d 465, 469 (1981).

TIC's assertion that the location of the vault doors is irrelevant is belied by a case TIC's counsel previously handled. In *Town Plaza of Poughquag and Tower Ins. Co of N.Y. v. Hartford Insurance*[1], 175 F.Supp.3d 93, 102 (S.D.N.Y. 2016), the court found against Tower when it ruled a tenant patron walking out of the store leading away from the pharmacy was insufficient to find that the injury arose out of the maintenance, use, or operation of the leased premises. The *Town Plaza* court noted that the site of the injury was not necessary for entering the store. Therefore, the location of the vault doors and injury is in fact relevant, particularly when the landlord retains liability for such specific area and space (vault doors) pursuant to the express terms of the Lease. Thus, TIC's relevancy argument is simply wrong.

TIC's argument that the words "basement" and "vault" are not synonymous misses the mark. The *Platek* case analyzed the use of different terms in the *same sentence* when interpreting an Allstate policy flood exclusion in a situation in which the words in issue would have contravened the purpose of the exclusion. *Platek v. Town of Hamburg*, 24 N.Y.3d 688, 696 (2015). The use of the term "basement" in the Lease is not part of any insurance exclusion analysis and is certainly not used in the same sentence of the Lease agreement. *See*, Paniccia Dec., Ex. G (ECF Doc No. 56-23), p. 8, Section 17; p. 22, Section 61.B.

Ms. Ovalles, PRFI's Director of Mental Health, testified in the Underlying Action there are *two basements*. One situated *outside the building* that has cellar doors. Ms. Ovalles testified PRFI does not use the basement outside the building. Ms. Ovalles testified you cannot go from one basement to the other basement because the two basements are physically separated and it is

---

[1] TIC's counsel represented Tower in the 2016 S.D.N.Y *Town Plaza* case.

padlocked and empty, except for the gas meter. *See*, ECF Doc No. 66-3, p. 24: 4-23; p. 25: 25; p. 26: 1-18. More importantly, Mr. Ramos' injury did not occur in any basement but, rather, on the vault doors outside of the building and outside the property line of the building.

As to TIC's New York City Administrative Code §7-210 argument, TIC continues to ignore the fact that all of the run-of-the-mill sidewalk cases it relies upon did not involve a claim in a location which the landlord and tenant mutually agreed in writing were not part of the leased premises. There was never an obligation to defend or indemnify Hinde because the area in issue (vault doors) was never "that part of the premises leased". But TIC ignores that landlord Hinde retained all such liability for the vault doors upon which Mr. Ramos fell. The Lease so states.

In addition, TIC's effort to distance itself from 34 R.C.N.Y §2-07(b)(1) is curious. PRFI testified it never used the basement outside of the building, as it only contained the building's gas meter. *See*, ECF Doc No. 66-3, p. 24: 4-23; p. 25: 25; p. 26: 1-18. The vault doors in issue are the street cover for the gas meter owned by the utility company and outside the property line of the building. This is a classic utility vault door as described in the code. Hinde never delegated responsibility for the maintenance, repair or alterations made to the vault doors while PRFI was a tenant, as evidenced by the National Gates invoice paid by Hinde. *See*, Paniccia Dec., Ex. L (ECF Doc No. 56-28) and Ex. W (ECF Doc No. 56-39), p. 19: 13-21; p. 20: 3-7; p. 23: 17-20. And of course, TIC continues to cite inapplicable cases that did not involve lease terms expressly excluding the space or area of the injury (vault doors) from that part of the premises leased.

## II.    Insurance Law §3420 Does Not Apply To This Action

### A. N.Y. Insurance Law §3420 Does Not Apply to Claims Between Insurers

The plain language of § 3420(a)(5) extends to only "the insured, injured person or any other claimant," not another insurance company. *See, Pearson Capital Partners, LLC v. James River*

*Ins. Co.*, 151 F.Supp.3d 392, 407 (S.D.N.Y. 2015) ("The phrase 'any other claimant' refers to 'any party that has a claim against the insured arising under the policy,' which by definition excludes other insurers of the insured." (quoting *Bovis Lend Lease LMB, Inc. v. Royal Surplus Lines Ins. Co.*, 806 N.Y.S.2d 53, 58 (N.Y. App. Div. 2015) (emphasis and quotations in original).

TIC's reliance upon the *Liberty Ins. Underwriters v. Greenwich Ins. Co.*, 16-cv-4293, WL 4100489 (E.D.N.Y. 2018) and *Wausau Underwriters Ins. Co. v. Old Republic Gen. Ins. Co.*, 122 F.Supp.3d 44 (S.D.N.Y. 2015) do not establish that §3420 was intended to apply as between insurers or that it applies in this instance, for several reasons.

The issue before the court in *Greenwich* was interpreting whether §3420 had application to an out of state insurance policy. The *Greenwich* court did not interpret or analyze the application of the "by the insured, injured person or any other claimant" language found in §3420(a)(5). In fact, the *Greenwich* case does not even cite to the relevant "by the insured, injured person or any other claimant" language. Id. at *2. Nor does the *Greenwich* case analyze or address §3420(c)(2)(A), which also contains the relevant "by the insured, injured person or any other claimant" language.

The parties in *Greenwich* were contesting the applicability of the *Carlson v. Amer. Int'l Group, Inc.*, 130 A.D.3d 1477 (4th Dep't 2015) rule ("issued for delivery" language is not determinative of whether a policy was issued and delivered in New York) as respects the applicability of §3420(d)(2). The controlling Southern District of New York decision in *Pearson Capital Partners, LLC v. James River Ins. Co.*, 151 F.Supp.3d 392, 407 (S.D.N.Y. 2015) ("The phrase 'any other claimant' refers to 'any party that has *a claim against the insured arising under the policy*,' which by definition excludes other insurers of the insured."), quoting *Bovis Lend*

*Lease LMB, Inc. v. Royal Surplus Lines Ins. Co.*, 806 N.Y.S.2d 53, 58 (N.Y. App. Div. 2015) (emphasis and quotations in original), was not even cited or raised by the litigants in the Eastern District of New York *Greenwich* case. And prevailing party Liberty even argued in its brief that §3420 was designed to protect the insured. (E.D.N.Y., 16-cv-04293, ECF Doc. No. 23-21, p. 9).

The *Old Republic* case likewise does not assist TIC, as none of the parties cited or argued the holding in the *Pearson* case (§3420 does not extend to another insurance company). Further, Old Republic conceded it must show prejudice because the claim was reported within two years. And Old Republic never raised the issue whether §3420 was applicable as between two insurers. As such, the *Greenwich* and *Old Republic* cases are inapposite to the facts presented here.

TIC's argument that §3420, *et seq.* applies in this coverage dispute between two insurers runs contrary to and does not square with the Southern District of New York *Pearson* case precedent, or the long line of cases holding that TIC does not get the benefit of standing in the shoes of Hinde under §3420 as to a disclaimer of coverage for late notice (e.g. *Zurich Am. Ins. Co v. Liberty Mut. Ins. Co.*, 710 F. App'x 3 (2d Cir. 2017) (summary order) (upholding the district court's finding that N.Y. Ins. Law §3420(d)(2) does not apply to claims between insurers). *Zurich Amer. Ins. Co. v. Wausau Bus. Ins. Co.*, No. 16-cv-3643, 2018 WL 4684112, *7 (S.D.N.Y. 2018); *Old Republic Gen. v. Century Sur. Co.*, 17-cv-3415, 2018 WL 4356729, *7 (S.D.N.Y. 2018) (It is well settled Section 3420(d)(2) does not apply to claims between insurers, regardless of whether those claims are for contribution or for full defense and indemnity.); *State Nat. Ins. Co. v. Mt. Hawley Ins. Co.*, 19-cv-06625, 2021 WL 1193208, *8, (E.D.N.Y. 2021) (tendering carrier does not get the benefit of §3420(d) from a tendering letter it sent on behalf of its insured)).

In *Indian Harbor v. City of San Diego*, 586 F. App'x 726, 729 (2d Cir. 2014), the Second Circuit rejected an argument "that the amendment to §3420 created new public policy, and thus changed the common-law no-prejudice rule." The Second Circuit stated "If the New York legislature had intended to change the common law for all policies, it could have done so. ………'We see no reason to expand section 3420(d) beyond its terms in the instant case.... [A]bsent an applicable and appropriate statute, New York common law should be applied.' Similarly, here, we are presented with no applicable statute, and thus the common-law no-prejudice rule should apply. Moreover, numerous cases have continued to apply the common-law no-prejudice rule after § 3420(a)(5) came into effect on January 17, 2009, where the criteria under the statute had not been met. *See, e.g., Ponok Realty Corp. v. United Nat. Specialty Ins. Co.,* 69 A.D.3d 596, 893 N.Y.S.2d 125, 127 (2d Cir. 2010); *Sevenson Envtl. Servs., Inc. v. Sirius Am. Ins. Co.,* 64 A.D.3d 1234, 883 N.Y.S.2d 423, 425 (4th Dep't 2009).  In all of these cases where one of the requirements of § 3420(a)(5) was not met, the court found there was no coverage based on late notice without requiring a showing of prejudice." Since TIC does not meet the requirement of being "an insured, injured person or any other claimant" under §3420(a)(5) or §3420(c)(2)(A), the common law no prejudice rule applies and PIIC need not demonstrate prejudice.

TIC has no right to stand in the shoes of Hinde or to argue that Hinde has been harmed (or to speculate that Hinde might be harmed in the future if TIC is declared to have no right of recovery). *State Nat'l Ins. Co. v. Mt. Hawley Ins. Co.,* 19 cv 06625, 2021WL 1193208, *8 (E.D.N.Y. 2021). Hinde is not a party to this declaratory judgment action. If Hinde was somehow harmed, it alone has standing to pursue whatever legal remedy it wishes. Nothing in

this action forecloses Hinde's right to pursue its own legal remedies, which are separate and distinct from TIC.

TIC attempts to side-step the *Pearson* rule by arguing a different legislative purpose is required, that application of *Pearson* may negatively impact Hinde's loss-history profile, or that application of the *Pearson* rule would lead to an absurd result. This is all argument and speculation and once again ignores that Hinde can always seek to enforce its own legal remedies. If Hinde wanted the vault doors to constitute part of the demised premises, it could have easily deleted Section 17 of the Lease, or deleted the "anything contained elsewhere in this lease to the contrary notwithstanding language". *See*, Paniccia Dec., Ex. G (ECF Doc No. 56-23), p. 18, Section 17. But Hinde did not. TIC is bound by the terms of the Lease, despite its effort to ignore same.

TIC's attempt to avail itself of the protection of §3420(a)(5) or §3420(c)(2)(A) as if it "stands in the shoes" of Hinde likewise fails. If Hinde itself was a plaintiff in this action, it would be able to invoke the protections of §3420(a)(5) or §3420(c)(2)(A). But Hinde is not a plaintiff in this matter and TIC may not invoke the protection on Hinde's behalf. *State National Ins. Co. v. Mt. Hawley Ins. Co.*, 19-cv-06625, 2021 WL 1193208, \*8 (E.D.N.Y. 2021). In fact, TIC's counsel recently lost a similar case seeking payment for defense and indemnity payment from First Mercury Insurance Company. *Tech. Ins. Co. v. First Mercury Ins. Co.*, 194 A.D.3d 530 (2021) (the protections of §3420(d) are inapplicable to one insurer's claim for reimbursement from another insurer and a settlement renders the additional insured's claims moot).

Similarly, because insurers fall outside of the "zone of interest" §3420 seeks to protect, "courts have held that section 3420(d) is not applicable to requests for contribution between coinsurers." *Bovis Lend Lease MLB, Inc. v. Royal Surplus Lines Ins. Co.*, 27 A.D.3d 84, 92 (1st

8

Dep't 2005). As the Second Circuit correctly observed, there is a "litany of New York cases holding that §3420(d) does not apply to claims between insurers." *Zurich Am. Ins. Co. v. Liberty Mut. Ins. Co.*, 710 F. App'x 3, 7-8 (2d Cir. 2017); *Pub. Serv. Mut. Ins. Co. v. Tower Ins. Co. of N.Y., 111 A.D.3d 476, 476 (1st Dep't 2013)*. The litany of cases conclusively precludes TIC from obtaining reimbursement from PIIC because like §3420(d), TIC is not a party within the "zone of interest" §3420(a)(5) or §3420(c)(2)(A) was designed to protect. TIC is not the "insured, injured person or any claimant".

The foundation for courts holding that §3420(d)(2) does not apply to intra-insurer disputes rests on the phrase "insured and the injured person or any other claimant" language contained in §3420(d)(2). This virtually identical wording is contained in §3420(a)(5) ("insured, injured person or any claimant") or §3420(c)(2)(A) ("insured, injured person or any claimant"). The purposeful repetition of this phrase throughout the statute drives home the legislative intent that insurers are outside of the zone of persons afforded protection under this statute. Just as an insurer is *not* subject to the timeliness requirement of §3420(d)(2), it is not subject to the prejudice requirement of §3420(a)(5) or §3420(c)(2)(A). The intent of the Legislature was clear. As the clearest indicator of statutory intent is the statutory text, the starting point in any case of interpretation must always be the language itself, giving effect to the plain meaning thereof. *Tom Rice Buick-Pontiac v. Gen. Motors Corp.*, 551 F.3d 149, 154-55 (2d Cir. 2008). Where the phrase "insured and the injured person or any other claimant" appears, courts have uniformly ruled that phrase does not extend to insurers.

As noted *supra*, the issue of the applicability of the prejudice requirements of §3420(a)(5) or §3420(c)(2)(A) was not before the court in either the *Liberty Ins. Underwriters v. Greenwich Ins. Co.*, 16-cv-4293, WL 4100489 (E.D.N.Y. 2018) or *Wausau Underwriters Ins. Co. v. Old*

*Republic Gen. Ins. Co.*, 122 F.Supp.3d 44 (S.D.N.Y. 2015). In fact, the Second Circuit has not yet weighed in on this precise issue. In *Peerless Ins. Co. v. Tech. Ins. Co., Inc.*, the court in a footnote expressly stated, "We thus do not reach the parties' arguments regarding whether New York Insurance Law §3420(a)(5) requires a showing of prejudice to defeat a coverage obligation of this sort." *Peerless Ins. Co. v. Tech. Ins. Co., Inc.*, 829 F.App'x 549, n. 1 at 552 (2d Cir, 2020).

To be clear, we do not dispute that the PIIC Policy contains a limited prejudice requirement as follows:

> Failure to give notice to us as required under this Coverage Part shall not invalidate any claim made by the insured, injured person or other claimant, unless the failure to provide such timely notice has prejudiced us. However, no claim made by the insured, injured person or other claimant will be invalidated if it shall be shown not to have been reasonably possible to give such timely notice and that notice was given as soon as was reasonably possible thereafter.

*See*, Paniccia Dec. Ex. B, Bate D00289 (ECF Doc No. 56-14).

The express language of the PIIC Policy is consistent with and follows the same statutory language set forth in the §3420 prejudice clauses. Thus, the PIIC Policy likewise limits the prejudice standard to only the "insured, injured person or other claimant". Nowhere in the PIIC Policy or §3420 *et seq.* does TIC fall within the zone of person protected by the prejudice standard.

### B.  PIIC Was Materially Prejudiced

Assuming *arguendo* that the prejudice requirement of §3420(a)(5) or §3420(c)(2)(A) somehow apply (which we submit they do not), PIIC is still entitled to summary judgment as a matter of law. Firstly, if TIC is correct, it has the burden to prove PIIC was *not* prejudiced by the 3½ year delay. TIC has not and cannot establish the absence of prejudice as a matter of law given

the undisputed evidence of material prejudice proffered by PIIC. *See*, ECF Doc No. 66-5, pp. 7-10 (pp. 6-9 of Inter. Resp. #4).

In this regard, we submit it is undisputed that PIIC was materially prejudiced in the investigation and defense as a consequence of Hinde's failure to report the Ramos occurrence, claim or suit. Hinde repaired and replaced the vault doors *after* the December 24, 2014 accident and receipt of the February 20, 2015 claim letter. Hinde did so at a point in time when Hinde was under an obligation to provide notice of the claim and occurrence under the PIIC Policy. *Atl. Cas. Ins. Co. v. Value Waterproofing, Inc.*, 918 F.Supp.2d 243, 255-256 (S.D.N.Y. 2013) (prejudice found when late notice prevented insurer from being able to independently ascertain the cause of the [loss], and because the best physical evidence was available to only one side). Hinde materially impaired the investigation and defense and irreparably prejudiced PIIC when it hired National Gates in May, 2015 to repair and replace the vault doors. *See,* Paniccia Dec., Ex. L (ECF Doc No. 56-28). Such action deprived PIIC of an opportunity to examine or determine: the condition of the vault doors frame prior to the May, 2015 repair; when, how and by whom the vault doors were damaged; if there was a manufacturer design defect or manufacturing defect that caused the vault doors deflection that resulted in the trip and fall; if the deflection was due to the frame structure of the door itself or if it was due to insufficient thickness of the steel used to make the vault doors; or determine if ongoing repairs of the vault doors by Hinde's contractors prior to replacement of the doors in May, 2015 was caused by a prior faulty or insufficient structural alterations to the frame or vault doors such that there was viable subrogation. Hinde's repair alteration of the frame and replacement of vault doors altogether precluded PIIC from independently investigating the potential causes of the deflection and damage to the frame and

11

vault doors. The irreparable and material prejudice to PIIC had already been done when the frame alterations and replacement of the vault doors occurred on or before May 4, 2015.

TIC was also forever deprived of the opportunity to engage in early settlement efforts, contemporaneously interview witnesses from the perspective of the landlord, contemporaneously evaluate subrogation and third party claims, check for video footage from surrounding businesses, or provide input into Hinde's Answer and other dispositive pleadings. *See*, ECF Doc. No. 66-5, pp. 7-10 (Inter. Resp. #4, pp. 6-9).

PIIC was also denied any opportunity to protect its interests in being able to timely set a claim reserve for any of Hinde's liability exposure (from the perspective of a landlord/property owner), as Hinde only reported this claim to Tower *via* AmTrust. *Id* at 254 (notice provisions serve to enable insurers to timely investigate and maintain reserves).

When Insurance Law §3420 does not apply, PIIC need not demonstrate prejudice. When Insurance Law §3420 does not apply, the applicable rule for insurance contracts is the common law no-prejudice rule. *N.Y. Marine and General Ins. Co. v. Travelers Prop. Cas. Co. of Amer.*, 485 F.Supp.3d 398, 407 (S.D.N.Y 2020); *Indian Harbor Ins. Co. v. City of San Diego*, 972 F.Supp.2d 634, 650 (S.D.N.Y. 2013), *aff'd*, 586 F. App'x 726 (2d Cir. 2014)(n. 8, when §3420 does not apply, courts apply New York common-law).

In effect, before the amendment of Insurance Law § 3420 an insurer could disclaim based upon late notice without having to show prejudice. *See, The Argo Corp. v. Greater N.Y. Mut. Ins. Co.*, 4 N.Y.3d 332, 333 (2005). After the amendment to §3420, in some limited circumstances, an insurer must show it was prejudiced before disclaiming, but only to "the insured, injured person or any other claimant" based upon late notice. In all other instances, the common law "no prejudice" rule still applies.

New York courts have long recognized a "no-prejudice" rule governing strict compliance requirements in liability insurance contracts: where such contracts require notice of claims "as soon as practicable," the courts have held that "the absence of timely notice of an occurrence is a failure to comply with a condition precedent which, as a matter of law, vitiates the contract. No showing of prejudice is required." *See, The Argo Corp. v. Greater N.Y. Mut. Ins. Co.*, 4 N.Y.3d 332, 333 (2005); *Topps Markets, Inc. v. Maryland Cas. Ins. Co.*, 267 A.D. 999, 1000 (4ᵗʰ Dept. 1999) (section 3420(d) is inapplicable to a request for contribution between insurers).

Insurance Law §3420 has been found not to apply to a variety of policies issued in New York. *N.Y. Marine and Gen. Ins. Co. v. Travelers Prop. Cas. Co. of Amer.*, 485 F.Supp.3d 398, 407 (S.D.N.Y 2020)(marine policy)*;Bovis Lend Lease LMB, Inc. v. Royal Surplus Lines Ins. Co.*, 806 N.Y.S.2d 53, 58 (N.Y. App. Div. 2015). Insurance Law § 3420 itself recognizes it does not apply to late notice under claims-made policies and other policies that provide that a claim shall be made during the policy period. N.Y. Insurance Law §3420(a)(5).

In the instant matter Hinde never reported the Ramos claim and never sought a defense from PIIC. If Hinde was a plaintiff in this action, it may be able to invoke the protections of Section 3420(d)(2), but the [insurer] may not do so on [its] behalf. *Zurich Am. Ins. Co. v. Wausau Bus. Ins. Co.*, 206 F.Supp.3d 818, 828-829 (S.D.N.Y. 2016) (finding disclaimer as to insured untimely, but timely as to tendering insurer plaintiff because there is no duty to give timely disclaimer to another insurer).

The additional insured has an independent obligation to comply with the notice conditions set forth in the policy that is, the obligation to afford notice as soon as practicable of both the occurrence and of any claim or suit arising therefrom. *23-08-18 Jackson Realty Assoc. v. Nationwide Mutual Ins. Co.*, 2008 Slip Opinion 06203 (2nd Dept. 2008), *citing City of New York*

13

*v. St. Paul Fire & Marine Ins. Co.*, 21 A.D.3d 978 (2nd Dept. 2005); *Ambrosio v. Newburgh Enlarged City School District*, 5 A.D.3d 410 (2nd Dept. 2004). The additional insured has an independent obligation to provide notice under the policy even where the named insured has provided notice where the parties were adverse in the underlying bodily injury action. *City of New York v. Welsbach Electric Corp.*, 49 A.D.3d 322 (1st Dept. 2008); *Travelers Ins. Co. v. Volmar Construction Co. Inc.*, 300 A.D.2d 40 (1st Dept. 2002). The fact that the insurer may have received notice of the claim from the named insured or from another source does not excuse an additional insured's failure to provide notice. *Tower Ins. Co. of N.Y. v. Commissary Dir. Inc.*, 63 Misc.3d 1229(A) at *5 (2019).

### III.    TIC Has No Legal Right to Seek Reimbursement of Sums Paid By AmTrust

TIC's 30(b)(6) witness, Lowell Aptman, Vice President of AmTrust, testified that TIC has no employees and set no claim reserve for the Ramos claim. *See*, Paniccia Dec., Ex. P (ECF Doc No. 56-32), p. 19: 13-15; 33: 16-18. Absent a valid contract or assignment from AmTrust, TIC has no standing to prosecute this claim because TIC has not suffered an injury-in-fact. *Ross v. AXA Equitable Life Ins. Co.*, 115 F.Supp.3d 424, 432 (S.D.N.Y. 2015)(plaintiff must show an injury in fact); *Picard v. JPMorgan Chase & Co.*, 460 B.R. 84, 91 (S.D.N.Y. 2011) (cannot rest claims to relief on legal rights of another). Here, all evidentiary proof in admissible form demonstrates AmTrust made the payments, not TIC.

Both the *Narrangassett Bay* (2018 WL 6427868) and *Clarendon American* (2006 WL 8434386) cases TIC cites were decided by courts outside of New York. Further, TIC's opposition brief provides no evidentiary proof in admissible form of a physical check or electronic transfer that it made any payment whatsoever. After depositions and paper discovery TIC has yet to prove it made any of the payments in issue. TIC's purported general managing

agent (AmTrust) even refuted such purported payments by TIC. When asked which insurer paid the sums in issue, Mr. Denzler of AmTrust testified he did not know who the payor was for the Ramos claim. *See*, Paniccia Dec., Ex. O (ECF Doc No. 56-31), p. 54: 3-7. There is simply no evidentiary proof in admissible form that TIC made any payment directly to Hinde, or anyone else for that matter. As such, TIC is not legally entitled to seek recovery from PIIC and its claim fails as a matter of law.

## CONCLUSION

For the foregoing reasons PIIC respectfully requests that the Court grant PIIC's motion for summary judgment and declare that: the PIIC Policy was vitiated as a matter of law; Hinde does not qualify as an additional insured under the PIIC Policy; TIC has failed to prove that PIIC was not prejudiced; TIC has failed to establish in fact that it paid the sums it seeks; and, TIC did not pay Hinde directly. PIIC further requests such other and further relief as this Court deems appropriate.

Dated: New York, New York
        June 1, 2022

MARSHALL CONWAY BRADLEY GOLLUB
& WEISSMAN, P.C.

Christopher T. Bradley (CB4725)
Samuel F. Paniccia (SP9780)
45 Broadway, Suite 740
New York, New York  10006
Phone: (212) 619-4444
cbradley@mcwpc.com
spaniccia@mcwpc.com
        *Attorneys for Defendant Philadelphia*
        *Indemnity Insurance Company*