UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------x

TECHNOLOGY INSURANCE COMPANY, INC.,
as reinsurer and successor to Tower Insurance
Company of New York,                                    Civil Action No.: 1:21-cv-07387

                         Plaintiff,

    -against-

PHILADELPHIA INDEMNITY INSURANCE
COMPANY,

                         Defendant.
---------------------------------------------------------------x

**REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF PLAINTIFF TECHNOLOGY INSURANCE COMPANY'S MOTION FOR SUMMARY JUDGMENT**

                                                  KENNEDYS CMK LLP
                                                  Attorneys for Plaintiff
                                                  570 Lexington Avenue – 8th Floor
                                                  New York, New York 10022
                                                  212-252-0004

Of Counsel:
Max W. Gershweir

TABLE OF CONTENTS

|   |   | Page |
|---|---|---|
| TABLE OF AUTHORITIES | | ii |
| PRELIMINARY STATEMENT | | 1 |
| ARGUMENT | | 2 |
| I. | PIIC fails to raise a triable issue of fact as to whether it waived its late notice defenses | 2 |
| | A. PIIC does not dispute and thus implicitly concedes that it waived any defense based on Hinde's delayed notice of the occurrence or claim | 2 |
| | B. PIIC's arguments that it did not waive its late-notice-of-suit Defense by omitting it from its second disclaimer letter do not pass muster | 3 |
| | C. PIIC ignores and thus implicitly concedes Technology's argument that it was not prejudiced by Hinde's notice delay because it would have disclaimed coverage anyway | 4 |
| | D. PIIC fails to refute Technology's other arguments as to why PIIC was not prejudiced by Hinde's notice delay | 6 |
| II. | Technology has already rebutted PIIC's arguments as to why controlling New York case law addressing the additional-insured provision does not compel coverage for Hinde here—and the one case on which PIIC relies is easily distinguishable | 11 |
| VI. | PIIC fails to raise a triable issue of fact as to whether Technology is the proper plaintiff | 14 |
| CONCLUSION | | 15 |

TABLE OF AUTHORITIES

Page(s)

Cases

*Bridge St. Contracting Inc. v. Everest Nat. Ins. Co.*,
  132 A.D.3d 500 (1st Dep't 2015) ................................................................................. 9

*City of New York v. Cont'l Cas. Co.*,
  27 A.D.3d 28 (1st Dep't 2005) ..................................................................................... 8

*Donato Realty, LLC v. Utica First Ins. Co.*,
  No. 152419/12, 2016 WL 3902273 (Sup. Ct. N.Y. County Jul. 15, 2016), *aff'd*, 146
  A.D.3d 481 (1st Dep't 2017) ...................................................................................... 12

*Estee Lauder Inc. v. OneBeacon Ins. Grp., LLC*,
  28 N.Y.3d 960 (2016) ................................................................................................... 4

*Frank v. Cont'l Cas. Co.*,
  123 A.D.3d 878 (2d Dep't 2014) ................................................................................ 12

*Hotel des Artistes, Inc. v. Gen. Acc. Ins. Co. of Am.*,
  9 A.D.3d 181 (1st Dep't 2004) ..................................................................................... 3

*Isidore Margel Trust Mitzi Trustee v. Mt. Hawley Ins. Co.*,
  195 A.D.3d 799 (2d Dep't 2021) ................................................................................ 12

*L&B Estates, LLC v. Allstate Ins.*,
  71 A.D.3d 834 (2d Dep't 2010) .................................................................................. 12

*Nunez v. Morwood Dry Cleaner*,
  116 A.D.3d 831 (2d Dep't 2014) .................................................................................. 6

*Peerless Ins. Co. v. Technology Ins. Co., Inc.*,
  No. 19-3861, 829 Fed.Appx. 549 (2d Cir. Oct. 8, 2020) .............................................. 5

*Tower Ins. Co. of N.Y. v. Leading Ins. Group Ins. Co. Ltd.*,
  134 A.D.3d 510 (1st Dep't 2015) ............................................................................... 12

*Town Plaza of Poughquag, LLC v. Hartford Ins. Co.*,
  175 F.Supp.3d 93 (S.D.N.Y. 2016) ....................................................................... 11, 12

*Wesco Ins. Co. v. Travelers Prop. Cas. Co. of Am.*,
  188 A.D.3d 476 (1st Dep't 2020) ............................................................................... 12

**Regulations**

34 RCNY § 2-07(a)(1) ........................................................................................................ 11

New York Administrative Code §§ 7-210 ................................................................... 11, 12

**Preliminary Statement**

Plaintiff Technology Insurance Company, Inc., submits this reply memorandum of law in further support of its motion for summary judgment against defendant Philadelphia Indemnity Insurance Company ("PIIC"):

    a.    declaring that PIIC breached its duty to defend Hinde Development LLC in an action captioned *Edwin Ramos v. Hinde Development LLC, et al.*, in the Supreme Court of the State of New York, Bronx County, under Index No. 25584/2015e ("the Underlying Action"), as an additional insured under an insurance policy issued by PIIC to Puerto Rican Family Institute, Inc. ("PRFI") numbered PHPK1201832, effective July 6, 2014, to July 6, 2015, ("the PIIC Policy");

    b.    declaring that PIIC breached its duty to indemnify Hinde in the Underlying Action under the PIIC Policy;

    c.    declaring that Hinde's coverage under the PIIC Policy is primary to its coverage under an insurance policy issued by Tower Insurance Company of New York, Technology's predecessor-in-interest ("the Tower Policy");

    d.    awarding Technology the costs incurred to defend and indemnify Hinde in the Underlying Action in the amount of $121,278.70, plus interest;

    e.    and such other and further relief as the Court deems proper;

and in response to PIIC's opposition thereto.

**Argument**

I.  **PIIC fails to raise a triable issue of fact as to whether it waived its late-notice defenses.**

To recap, Technology argues that PIIC waived its late-notice defenses in two respects. First, in its initial, October 4, 2018, letter, PIIC cited only Hinde's late notice of suit as a ground for disclaiming coverage under the PIIC Policy's notice conditions, thereby waiving any defense based on late notice of occurrence or claim.[1] Second, in its August 23, 2019 letter, PIIC omitted all references to late notice, after the sole ground for prejudice stemming from the delayed notice of suit claimed in its October 4, 2018 letter—the default judgment against Hinde—had evaporated, thereby waiving its late-notice-of-suit defense.[2] Per the below, PIIC fails in its opposition to raise a triable issue of fact as to waiver of either late-notice defense.

A.  *PIIC does not dispute and thus implicitly concedes that it waived any defense based on Hinde's delayed notice of the occurrence or claim.*

As respects Technology's argument that it waived any defense based on Hinde's late notice of occurrence or claim by omitting it from its initial letter, PIIC is tellingly silent. Though PIIC argues that Hinde's delay compromised its claim investigation, it fails to address the threshold issue of whether it properly preserved that defense in the first instance. PIIC thereby implicitly concedes the issue, leaving nothing to which to respond. Given the absence of any such opposition, as well as the law cited in Technology's initial moving papers establishing that late notice of occurrence/claim is a defense distinct from late notice of suit that is waived if not specifically raised in the insurer's disclaimer letter, the Court should find that PIIC waived that defense.

---

[1] Aptman Decl. (Dkt. No. 47) ¶ 13; Oct. 4, 2018 ltr., *id.* at Ex. 7 (Dkt. No. 47-11).
[2] Aptman Decl. ¶ 16; Aug. 23, 2019 ltr., *id.* at Ex. 10 (Dkt. No. 47-14).

2

### B.      *PIIC's arguments that it did not waive its late-notice-of-suit defense by omitting it from its second disclaimer letter do not pass muster.*

PIIC argues in opposition that it did not waive the late-notice-of-suit defense stated in its initial letter by omitting it from its second letter because the latter was allegedly not intended to revisit its initial position stated in the former but rather simply to advise its own insured, PRFI, of its coverage position. In so arguing, PIIC ignores the following undisputed facts: (1) although the second letter is addressed to PRFI, it is devoted to discussing PIIC's coverage position as respects Hinde, not PRFI, and was also sent to AmTrust; and (2) the second letter was issued five weeks after AmTrust reiterated its tender on Hinde's behalf[3] and two weeks after PIIC acknowledged receiving the tender reiteration and stated: "we will respond to your reconsideration of tender request shortly."[4] Thus, notwithstanding Cruz's self-serving testimony to the contrary, the second letter was clearly sent to respond to and address AmTrust's reiterated tender.

PIIC next argues that it did not waive its late-notice-of-suit defense by omitting it from the second letter because that letter closes with boilerplate non-waiver language. PIIC fails to cite any case law holding that such language protects against waiver of a policy-breach defense that is omitted from the letter where, as is undisputed here, the insurer was aware when the letter was issued of the facts giving rise to that defense. And indeed, the law is to the contrary. *See*, *e.g.*, *Hotel des Artistes, Inc. v. Gen. Acc. Ins. Co. of Am.*, 9 A.D.3d 181, 185, 193 (1st Dep't 2004) (finding insurer waived late-notice defense by failing to cite it in a disclaimer letter despite "not waiving any rights or defenses under the policy not mentioned in the disclaimer letter").

---

[3] Aptman Decl. ¶ 14; Jul. 18, 2019 email, *id*. at Ex. 8 (Dkt. No. 47-12).
[4] Aptman Decl. ¶ 15; Aug. 7, 2019 email, *id*. at Ex. 9 (Dkt. No. 47-13).

3

The one case PIIC cites as respects this issue, *Estee Lauder Inc. v. OneBeacon Ins. Grp., LLC*, 28 N.Y.3d 960 (2016), fails to support its position. In that case, the Court, stating that "the common-law waiver standard . . . requires an examination of all factors," found an issue of fact as to whether the insurer waived its late-notice defense because it identified the defense "in early communications" with its insured predating disclaimer letters omitting the defense but reserving all rights. *Id.* at 961. To begin with, therefore, the Court implicitly confirmed that a blanket reservation does not by itself—or even in combination with an earlier assertion of the right—defeat waiver. Moreover, though the chronology cited in *Estee Lauder* resembles the one here on the surface—i.e., initial communication identifying the defense followed by later communication omitting the defense but reserving all rights—the critical difference here is that the specific ground stated in PIIC's initial letter for its late-notice position—the default judgment against Hinde—had become moot when the second letter was issued, and that letter was prompted by a tender reiteration issued after the default judgment was vacated. Under these unique circumstances, "an examination of all factors" compels the conclusion that PIIC waived its late-notice-of-suit defense.

### C. *PIIC ignores and thus implicitly concedes Technology's argument that it was not prejudiced by Hinde's notice delay because it would have disclaimed coverage anyway.*

Technology's primary argument that, even absent waiver, PIIC's late-notice defenses are meritless as a matter of law based on lack of prejudice[5] was grounded on PIIC's admission, through Cruz's testimony and its disclaimer letters, that PIIC would have disclaimed coverage anyway based on its (mistaken) conclusion that Hinde was not

---

[5] PIIC also argues in opposition that prejudice is not required under these circumstances. Since Technology addresses that argument in its opposition to PIIC's summary judgment motion, it does not do so here.

4

entitled to additional-insured coverage given the facts and allegations regarding the condition causing the accident cause and the parties' respective duties with regard to that condition. Citing supporting case law from numerous jurisdictions applying the same notice-prejudice rule as New York, Technology argued that, given PIIC's lack-of-coverage position, Hinde's delayed notice could not possibly have materially impaired PIIC's ability to defend Hinde, as statutorily required to show prejudice, *see* Ins. Law § 3420(c)(2)(C), because PIIC would not have defended Hinde even if it had given prompt notice.

In response, PIIC remains silent—apart from a paragraph admitting it "would not have defended Hinde if it timely reported the claim" and then stating conclusorily that "[t]he defense of lack of insured status remains a valid defense."[6]

Though PIIC thus leaves Technology with nothing to which to respond as respects this issue, Technology brings to the Court's attention a Second Circuit opinion, *Peerless Insurance Co. v. Technology Insurance Co., Inc.*, No. 19-3861, 829 Fed.Appx. 549 (2d Cir. Oct. 8, 2020) (summary order)[7], not cited in its initial memorandum of law that further supports its position. In that case, the Court found that the defendant insurer (also Technology) had to show it was prejudiced by a delay in receiving notice of the claimant Mich's medical expenses to vitiate the policy's Medical Expense Coverage, and that the insurer was precluded from establishing prejudice "because it denied coverage altogether with respect to Ms. Mich's claims," observing that "earlier notice would have resulted only in an earlier denial." *Id*. at 552. The same analysis applies here.

---

[6] PIIC Opp. Mem. of Law (Dkt. No. 61), at p. 10.
[7] *Peerless* also bolsters Technology's opposition to PIIC's claim that it need not show prejudice because the Court relied on policy language indistinguishable from that contained in Ins. Law § 3420(c)(2)(C) and in the PIIC Policy itself (Dkt. No.46-1, at D00289)—"Failure to give notice to us . . . shall not invalidate any claim made by the insured, injured person or any other claimant, unless the failure to provide such timely notice has prejudiced us"—to find prejudice was required in that intra-insurer litigation.

5

### D.  *PIIC fails to refute Technology's other arguments as to why PIIC was not prejudiced by Hinde's notice delay.*

Though waiver and PIIC's admission that it would not have defended Hinde even absent delayed notice renders further late-notice prejudice discussion moot, Technology addresses PIIC's remaining arguments below.

PIIC claims its investigation was prejudiced because Hinde replaced the sidewalk cellar doors while that investigation was ongoing, thereby precluding PIIC from inspecting them. But PIIC ignores the critical fact that its failure to inspect the doors before they were replaced did not result from any delay by Hinde in reporting the claim. In fact, as PIIC conceded, "[t]his loss was timely reported" by PRFI, which, like Hinde, was notified of the occurrence and claim upon receiving Ramos's counsel's letter to them both dated February 20, 2015.[8] Upon receiving notice from PRFI on March 4, 2015, notwithstanding the absence of notice from Hinde, PIIC thus had the *ability* to promptly inspect the cellar doors itself through a simple site investigation and every reason to do so because the condition of the doors was as relevant to PRFI's defense as it was to Hinde's. That is, if the doors were not a true tripping hazard but rather a mere trivial defect, that would be a viable defense for PRFI as much as for Hinde. *See Nunez v. Morwood Dry Cleaner*, 116 A.D.3d 831 (2d Dep't 2014) (finding landlord and tenant entitled to summary judgment dismissing personal-injury action against them because alleged defect in abutting sidewalk cellar doors was trivial). Hinde's delayed notice thus did not materially impair PIIC's ability to investigate the doors' condition, any more than it materially impaired PIIC's ability to investigate any aspect of the claim.

---

[8] Cruz dep. tr. (Dkt. No. 46-3), at pp. 35-37; PIIC claim notes (Dkt. No. 46-4), at pp. 34-35; March 3, 2015 fax transmission (Dkt. No. 46-5).

PIIC challenges this proposition by positing that the nature of its investigation was materially altered by the fact that only PRFI notified it, claiming it thus had no reason to investigate Hinde's potential liability. Setting aside that, per the above, the cellar doors' condition remained relevant to PRFI's defense even if PIIC had already concluded that Hinde was the only potentially liable party, in fact PIIC was unable to reach any such conclusion during the course of its pre-suit investigation, as its own claim notes show. For example, in a May 20, 2015 claim note, more than two months after receiving notice of the claim, Cruz wrote: "PLAN OF ACTION – Evaluation to Be completed. Need lease agreement. Who has control and uses the cellar door in question?"[9] PIIC did not obtain a copy of the lease until after suit was filed.[10] Given this admitted remaining uncertainty, PIIC had every reason to aggressively investigate Hinde's liability as a party adverse to PRFI because that issue was pivotal to determining whether PRFI itself was liable, i.e., because a finding that Hinde was liable would likely absolve PRFI (and vice-versa).

Thus, contrary to its self-serving contention, PIIC, in fact, had reason to investigate the claim in the same manner regardless of whether PRFI or Hinde provided first notice. Indeed, the fact that it communicated extensively with Hinde's agent during the course of its pre-suit investigation notwithstanding Hinde's failure at that point to give notice confirms that it did indeed investigate Hinde's liability. That it failed to conduct a prompt site investigation or otherwise failed to obtain relevant information it now claims was needed after receiving undisputedly prompt notice from PRFI was thus not due to any notice delay by Hinde, but rather due to its own lack of urgency and thoroughness in investigating the matter.

---

[9] PIIC claim notes (Dkt. No. 46-4), at pp. 34-35.
[10] Cruz dep. tr. (Dkt. No. 46-3), at pp. 68-70.

Moreover, PIIC's attempt to distinguish the primary case on which Technology relies—*City of New York v. Continental Casualty Co.*, 27 A.D.3d 28 (1st Dep't 2005)—to support its argument that PRFI's timely notice eliminated any prejudice that might otherwise have resulted from Hinde's delay falls short. PIIC seeks to distinguish *Continental* on the primary ground that the court characterized the additional-insured plaintiff's failure to promptly forward suit papers as a failure to cooperate rather than to give prompt notice. Despite that characterization, however, the court analogized the issue before it to that presented in cases involving late notice, stating:

> Continental's reliance on *Argo Corp. v Greater N.Y. Mut. Ins. Co.* (4 N.Y.3d 332 [2005]) is misplaced. In *Argo*, the insured was notified of a lawsuit against it in February 2000 but did not notify the insurer until May 2001. The Court of Appeals held that this delay was unreasonable as a matter of law and refused to depart from the general rule that an insurer need not show prejudice before disclaiming on late notice of a lawsuit. *Significantly, the insurer in* Argo *was not previously given notice by another insured of the accident which gave rise to the lawsuit in question.* . . .
>
> The facts of this case are more in accord with *Matter of Brandon* (*Nationwide Mut. Ins. Co.*) (97 NY2d 491 [2002]). There, the carrier received timely notice of claim but late notice of a lawsuit. The carrier disclaimed on the basis of the late notice of suit. While recognizing that early investigation protects carriers from fraud and serves the insurers' need to set reserves and take an early position in settlement negotiations, the Court of Appeals reasoned that notice of claim served these purposes. The Court concluded that based upon the facts in *Brandon*, the late notice of legal action should not be given the same preclusive effect as late notice of claim *without some showing of prejudice*.

*Id*. at 32 (emphasis added).

The *Continental* court thus analyzed the issue through the prism of late-notice prejudice, finding that the named insured's timely notice of the occurrence and suit eliminated any prejudice that the additional insured's delay may otherwise have caused. *See id*. at 33.

8

Nor, contrary to PIIC's claim, were the insureds in *Continental* not adverse. And, in any event, the court did not cite any lack of adversity to justify its conclusion.

PIIC ignores the other case on which Technology relied as respects this issue, *Bridge St. Contracting Inc. v. Everest Nat. Ins. Co.*, 132 A.D.3d 500 (1st Dep't 2015), where although the court found that the insurer properly disclaimed coverage based on the insured's late notice of suit without any need to show prejudice—because the policy pre-dated the notice-prejudice statute—it cited *Continental* for the proposition that prejudice would have been required and may not have been established had the insurer been notified promptly of the occurrence and been previously defending any other party to the litigation, as occurred here. The *Bridge Street* court thus interpreted *Continental* precisely as Technology does here.

PIIC also claims Hinde's delay prevented it from setting the appropriate reserves. This argument fails for two reasons. First, per Insurance Law § 3420(c)(2)(C), prejudice requires that the notice delay materially impair the insurer's ability to *investigate* or *defend* the claim. Impairment of ability to set proper reserves falls into neither of these categories. Second, since PIIC admits that it would have disclaimed coverage to Hinde even had it given prompt notice, it makes no sense that PIIC would have set a reserve to pay for Hinde's defense or indemnity costs. And indeed, PIIC submits no affidavit from a person with personal knowledge of its reserving practices claiming otherwise.

PIIC's (false) claim that Hinde's late notice compromised Technology's position is patently irrelevant for similar reasons. That is, even if true, it would not involve the required impairment of *PIIC's* ability to investigate or defend the claim, the latter impairment being impossible anyway given PIIC's admission that it would not have defended Hinde even had it given prompt notice.

9

Finally, PIIC's attempted rejoinder to Technology's argument about how Ramos's notice of suit to PIIC enabled PIIC to defend Hinde is wrong in all respects. First, contrary to PIIC's argument, Technology did not argue that Ramos, through his counsel, provided first notice of the *claim* to PIIC, but rather first notice of *suit*. Cruz admitted that fact.[11] Also, contrary to PIIC's claim, Cruz was indeed aware that Hinde was the landlord when Ramos provided notice of suit—or, at most, one week later, when she received a portion of the lease.[12] In any event, a simple public records search would have disclosed that fact.

Since PIIC knew that Hinde was the landlord before or soon after it received notice of suit from Ramos, and also knew that the PIIC Policy covered PRFI's landlord as an additional insured, it had the ability, and reason, to defend Hinde at the outset. The fact that Hinde failed to provide its own notice meant, at most, that PIIC had no *obligation* to defend it. But the prejudice statute speaks of an *inability* to defend resulting from the delay. Hinde's notice delay did not *prevent* PIIC from defending it, thanks to Ramos's prompt notice of suit.

For all these multiple reasons, PIIC's late-notice defense fails as a matter of law.

---

[11] PIIC claim notes (Dkt. No. 46-4), at p. 31; Cruz dep. tr. (Dkt. No. 46-3), at pp. 62-66.
[12] PIIC claim notes (Dkt. No. 46-4), at p. 34; Cruz dep. Tr. (Dkt. No. 46-3), at pp. 70-71.

**II. Technology has already rebutted PIIC's arguments as to why controlling New York case law addressing the additional-insured provision does not compel coverage for Hinde here—and the one case on which PIIC relies is easily distinguishable.**

Anticipating PIIC's arguments as to why controlling New York case law addressing the additional-insured provision does not compel coverage for Hinde here, Technology cited case after case demonstrating that the New York courts have found coverage where: (1) the landlord was obligated to repair the accident-causing condition; (2) the condition was not within the leased premises; and (3) the injured person was not entering or exiting the leased premises when the accident occurred. Technology also cited case law showing why there is no distinction, for coverage purposes, between an accident caused by sidewalk cellar doors and one caused by a defective sidewalk flagstone. Nevertheless, PIIC continues to press these arguments without even addressing these cases, leaving Technology nothing to which to respond further apart from repeating itself.

Likewise, since Technology has already addressed in its opposition papers PIIC's mistaken (and irrelevant) claims that the accident involved vault rather than cellar doors and implicated 34 RCNY § 2-07(a)(1) rather than New York Administrative Code §§ 7-210 and 19-152, despite the Underlying Action court's finding to the contrary[13], it will not burden the Court with additional refutation here.

The only aspect of PIIC's opposition that Technology has not yet addressed is the solitary court opinion PIIC cites to support its position, *Town Plaza of Poughquag, LLC v. Hartford Insurance Co.*, 175 F.Supp.3d 93 (S.D.N.Y. 2016). Apart from the fact that *Town Plaza*, unlike the legion of cases Technology cited, is not binding precedent, it is easily distinguishable.

---

[13] Order, Gershweir Decl. Ex. Q, at pp. 3-7.

First and foremost, unlike here and in the sidewalk cases on which Technology relies, the accident at issue in *Town Plaza* did not occur in New York City. This is critical because, as Technology showed in its prior submissions, the courts have found coverage in abutting-sidewalk cases under the additional-insured provision's "ownership" trigger because in New York City, Administrative Code § 7-210 imposes abutting-sidewalk liability on the landlord. *See, e.g., Isidore Margel Trust Mitzi Trustee v. Mt. Hawley Ins. Co.*, 195 A.D.3d 799 (2d Dep't 2021); *Wesco Ins. Co. v. Travelers Prop. Cas. Co. of Am.*, 188 A.D.3d 476 (1st Dep't 2020); *Tower Ins. Co. of N.Y. v. Leading Ins. Group Ins. Co. Ltd.*, 134 A.D.3d 510 (1st Dep't 2015); *Frank v. Cont'l Cas. Co.*, 123 A.D.3d 878 (2d Dep't 2014); *L&B Estates, LLC v. Allstate Ins.*, 71 A.D.3d 834 (2d Dep't 2010).

Indeed, the court in *Donato Realty, LLC v. Utica First Ins. Co.*, No. 152419/12, 2016 WL 3902273, *4 (Sup. Ct. N.Y. County Jul. 15, 2016), *aff'd*, 146 A.D.3d 481 (1st Dep't 2017), distinguished a case involving an accident outside New York City on this ground:

> Utica's reliance on a Westchester County case, *Leading Ins. Group Ins. Co., Ltd. v Argonaut Great Cent. Ins. Co.* (47 Misc 3d 1214[A], 2015. NY Slip Op 50574 [U], *4 [Sup Ct, Westchester County 2015]) is also misplaced. That case is not controlling, since it is a Supreme Court decision. Further, the injury did not occur in New York City, and therefore the Administrative Code of the City of New York, which places liability for injury resulting from a defective sidewalk on abutting landowners, does not apply.

*Town Plaza* is also distinguishable because it was uncertain whether the area where the accident occurred—which was formerly part of the landlord's parking lot and possibly not yet being used to service a recent extension of the leased premises—was incidental to the use of the leased premises. *See* 175 F.Supp.3d at 102. Here, by contrast, the cellar doors led to a basement used only by PRFI, which padlocked the doors.[14]

---

[14] Adler Mov. Decl. (Dkt. No. 8), at ¶ 5.

For this reason and the others cited in Technology's memoranda of law, the Court should find that the undisputed fact that the accident occurred on the public sidewalk abutting the premises leased to PRFI triggered PIIC's duty to defend and indemnify Hinde in the Underlying Action.

## VI. PIIC fails to raise a triable issue of fact as to whether Technology is the proper plaintiff.

In disputing that Technology is the proper plaintiff in this action, PIIC relies exclusively on the fact that Technology did not directly make the defense and indemnity payments it seeks to recover, instead relying on its general managing agent, AmTrust North America. PIIC ignores, however, Technology's many arguments as to why that fact is irrelevant, as well as the supporting case law. Moreover, PIIC implicitly concedes that if Technology funded the account from which those payments were made, its claim would be valid. That is, PIIC does not contest that argument but rather contends that Technology failed to adequately support it because AmTrust claims vice president Lowell Aptman failed to explicitly spell out the information on which he relied in making that statement in his affidavit.[15] But PIIC cites no authority to support the proposition that an affiant claiming personal knowledge based on a review of records maintained in the ordinary course of business, as here, must go further by specifically identifying those records.

---

[15] Aptman Decl. (Dkt. No. 47), at ¶ 18.

14

**Conclusion**

Based on the foregoing, Technology respectfully requests that this Court issue an order granting its motion; and that it grant such further relief as the Court deems just and proper.

Dated:   New York, New York
         June 1, 2022

                                        Respectfully submitted,

                                        KENNEDYS CMK LLP

By: _____
                                        Max W. Gershweir
Attorneys for Plaintiff
570 Lexington Ave. – 8th Floor
New York, New York 10022
646-625-4000